Jernigan v. City of Madisonville, etc.

CASE 49—PETITION EQUITY—DECEMBER 1.

## Jernigan v. City of Madisonville, Etc.

APPEAL FROM HOPKINS CIRCUIT COURT.

1. CONSTITUTIONAL LAW—CITIES AND TOWNS—ASSIGNMENT TO CLASS. —Under the provisions of section 156 of the Kentucky Constitution the power and duty of assigning towns to the different classes, and changing such assignments, is conferred alone upon the legislature; and any attempt upon the part of the legislature to delegate such power to the courts or any other tribunal is void.

C. J. WADDLE FOR APPELLANT.

GORDON & GORDON FOR APPELLEES.
(Case argued orally.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It appears from this record that the circuit court of Hopkins county entered an order and judgment transferring the city of Madisonville from cities of the fifth class to cities of the fourth class, and afterwards the appellant instituted this action in the Hopkins circuit court against the said city, H. H. Holman, mayor, and other officers thereof, seeking to en-

join and restrain said defendants from exercising or attempting to exercise the privileges and powers conferred by law upon cities of the fourth class.

The defendants pleaded and relied upon the said orders and judgment of the circuit court transferring said city to the fourth class, to which answer the plaintiff demurred, which demurrer was overruled by the court, and the court refused to grant the writ of prohibition or order of injunction and dismissed the petition, and from that judgment this appeal is prosecuted.

The sole questions presented for decision is as to the constitutionality of the act empowering the circuit courts to make such transfers or assignments from one class to another class.

Section 156 of the Constitution reads as follows: "The cities and towns of this Commonwealth, for the purpose of their organization and government, shall be divided into six classes. The organization and powers of each class shall be defined and provided for by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions. To the first class shall belong cities with a population of 100,000 or more; to the second class, cities with a population of 20,000 or more, and less than 100,000; to the third class, cities with a population of 8,000 or more, and less than 20,000; to the fourth class, cities and towns with a population of 3,000 or more, and less than 8,000; to the fifth class, cities and towns with a population of 1,000 or more, and less than 3,000; to the sixth class, towns with a population of less than 1,000. The General Assembly shall assign the cities and towns of

the Commonwealth to the classes to which they respectively
belong, and change assignments made as the population of
said cities and towns may increase or decrease, and, in the
absence of other satisfactory information as to their popula-
tion, shall be governed by the last preceding federal census
in so doing; but no city or town shall be transferred from
one class to another except in pursuance of a law previously
enacted and providing therefor.   The General Assembly, by
general law, shall provide how towns may be organized, and
enact laws for the government of such towns until the same
are assigned to one or the other of the classes above named;
but such assignment shall be made at the first session of the
General Assembly after the organization of said town or
city."

Sections 3661 and 3662, Kentucky Statutes, provide in
substance that when the population of any city or town as
ascertained by the last federal census, or by the census
taken pursuant to an ordinance of said town, authorizes it
to be placed in a class other than that in which it is, the
authorities of such a town may enact an ordinance setting
forth the population of the town, and may file a petition in
the circuit clerk's office declaring the facts, and, upon the
proper steps being taken and evidence furnished to the cir-
cuit court of the county, said court may enter a judgment
assigning such town to the class to which it belongs as ap-
pears from the petition and exhibits, and thereafter such
town may be governed by and under the general laws re-
lating to the class to which it has been assigned.

It is conceded that the transfer or assignment under con-
sideration was made pursuant to and in accordance with

the provisions of the sections *supra*. We, therefore, deem it unnecessary to copy the sections in full. It will be seen from the provisions of section 156 of the Constitution that the cities and towns of the Commonwealth shall be divided into six classes, and the classifications is determined by the population of such town. The population of each class is fixed by the Constitution. It will be further seen that the General Assembly is required to assign the cities and towns of the Commonwealth to the classes to which they respectively belong, and change assignments made as the population may increase or decrease.

It will be seen that the power and duty of assigning towns to the different classes and changing such assignments is conferred alone upon the Legislature, and no grant of power is given the Legislature to delegate the power to make such change or assignment to any tribunal. It will be further seen that the power is given to the Legislature to provide for the creation or organization of new towns; yet the Legislature is required to assign such towns to the classes to which they belong at the first session of the Legislature after such organization. It is further provided that no assignment shall be made except in pursuance to a law previously enacted and providing therefor.

It follows, therefore, that so much of sections 3661 and 3662 of the Kentucky Statutes, *supra*, as attempts to authorize the circuit courts to assign or transfer a town or city from one class to another is unconstitutional and void, and that the judgment of the Hopkins Circuit Court attempting or assuming to transfer said city of Madisonville to cities or towns of the fourth class is null and void and of no effect.

So much of said sections, however, as provide means for taking the census or determining the population of any such city or town are constitutional and valid, and when the population of a town is ascertained pursuant to the provisions of said section the Legislature will be authorized to make the proper transfer of such town or city.

The object of the framers of the Constitution doubtless was to provide a certain, safe and convenient means whereby it might be readily ascertained to what class any city or town belonged, and, therefore, provided that all assignments or changes from one class to another should be by an act of the Legislature, which would always be a matter of record and readily accessible to the whole people. The requirement of the general law providing for such changes was deemed proper and necessary to the end that the citizens of the several towns should know in advance how and when such changes might be lawfully made.

For the reasons indicated the judgment appea'ed from is reversed and the cause remanded, with directions to grant the writ of prohibition and injunction prayed for and for proceedings consistent herewith.