## Hewlett, et al. v. Springfield, et al.

(Decided September 1, 1925.)

(Published by special order of the court.)

1.  Statutes—Registration Acts Held Inapplicable to Cities of Fourth Class Having Less Than 5,000 Inhabitants Because of Restriction in Title.—Acts 1924, c. 64, entitled "An act relating to registration for elections in cities and towns having a population of 5,000 inhabitants or more," enacted pursuant to Constitution, section 147, which, in section 2, provides for the manner of registration in cities of first, second, third, and fourth classes, latter of which may, under section 156, include cities of more and less than 5,000 inhabitants, can, under section 51, requiring subject of act to be expressed in title, apply only to cities of fourth class having over 5,000 inhabitants; those having less being still subject to Ky. Stats., section 1490.

2.   Statutes—Legislative Intent Cannot be Gathered from what. Legislature Failed to Say.—Legislative intent cannot be gathered from what General Assembly failed to say, but only from what it actually did say.

3.   Statutes—Partial Invalidity of Registration Statute Held Not to Affect Whole.—That Acts 1924, c. 64, providing, in section 2, for registration of voters in cities of first, second, third and' fourth classes, cannot apply to all cities of fourth class because of restriction in title, does not render whole act invalid, particularly in view of section 26, declaring legislative intent to separately enact each section, paragraph, clause and provision.

4.   Statutes—Confusion Resulting from Partial Invalidity of Registration Statute Held Not to Invalidate Entire Act.—That Acts 1924, c. 64, intended to provide for registration of voters in cities of first, second, third, and fourth classes, cannot, because of restriction in title, apply to cities of fourth class having less than 5,000 inhabitants, and fact that no provision was made in the act for determining population of cities in fourth class, held not to result in such confusion as would invalidate entire act.

Opinion of Judge Thomas overruling motion for temporary injunction as to plaintiff T. D. Hewlett, but sustaining the motion for the temporary injunction as to plaintiff C. E. Barnett, and granting the injunction as to him.

The 1924 session of the General Assembly of Kentucky enacted chapter 64 of the Session Acts for that year, the title of which is "An act relating to registration for elections in cities and towns having a population of 5,000 inhabitants or more." The body of the act, section 2, provides for the registration of voters in the manner prescribed therein in all cities of the first, second, third and fourth classes, and changes in many material respects the prior law relating to registration of voters in the same classes of cities (section 1490, present Kentucky Statutes), in that the registration is required to be taken by registration officers duly appointed for the purpose and independently of the regular election officers whose duty it was to take the registration under the prior law. The time for taking the registration is also changed from the first Tuesday in October in each year, as it was in the prior law, to the second Monday in September and Tuesday following, as contained in the new act. The registration under the latter act is a perpetual one, whereas under the prior act or old law each voter was required to be registered annually. There are also many other alter-

ations made by the 1924 act, but which it is not necessary to enumerate.

· Alleging that the 1924 act was unconstitutional in its entirety and therefore void, or that certain parts of it were invalid, plaintiffs, T. D. Hewlett and C. E. Barnett, filed this equity action in the Hopkins circuit court against the registration officers of a voting precinct in the city of Madisonville, one of the fourth class, and against the registration officers appointed for a voting precinct in the city of Earlington, also of the fourth class, and in the same county and having less than 5,000 inhabitants, and against the county court clerk of the county, and in the petition Hewlett alleged that he was a citizen, resident and voter in the Madisonville precinct named in the petition, and Barnett alleged that he was a citizen, resident and voter in the Earlington precinct named therein. After alleging the grounds of attack plaintiffs prayed for an injunction against each of the defendants to prevent them from sitting as registration officers in the precincts named on September 8 and 9, 1924, and to prevent the county court clerk from furnishing to such officers registration books as the act requires of such officers, all upon the grounds stated in the petition, chief among which is that the act by its terms applies to all cities of the fourth class notwithstanding many of them have a population less than 5,000 inhabitants, and because of that fact the title of the act does not apply to such cities and all of its provisions with reference to registration in them are illegal and void; and as a consequence the entire act is void for the double reason (a), that it will not be presumed that the legislature would have passed it in its present form if a considerable number of cities of the fourth class would not be included therein, and (b), because of the confusion which would exist if the act was held valid as to all fourth class cities having a population of 5,000 inhabitants or more, and invalid as to cities of that class having a population of less than 5,000 inhabitants. We do not regard any of the other grounds of attack of sufficient materiality to merit our consideration and will therefore confine this memorandum opinion to the ones referred to.

Section 147 of the Constitution prescribes that "The General Assembly shall provide by law for the registration of all persons entitled to vote in cities and towns having a population of five thousand or more," which

language is followed by a provision that the General Assembly may provide by a general law for registration of other voters in the state. Section 156 of the same instrument provides for the classification of cities and towns of this Commonwealth into six classes, and prescribes that "to the fourth class, cities and towns with a population of three thousand or more and less than eight thousand." So that there may be and in fact are a number of fourth class cities in the Commonwealth with a population of less than 5,000 inhabitants. The body of the 1924 act, which is attacked in this litigation, applies to the latter classification of fourth class towns equally with all cities in the Commonwealth having a population above 5,000 inhabitants, notwithstanding the title to the act is expressly confined to the latter class of cities.

Section 51 of the Constitution requires that "No law enacted by the General Assembly shall relate to more than one subject and that shall be expressed in the title," etc. Applying that section to a state of facts on all fours with those we have here, this court held in the cases of Board of Trustees Erlanger Graded Common School District v. Tate, 155 Ky. 296, and Thompson v. Commonwealth, 159 Ky. 8, that the provisions of the body of the act to objects, conditions and facts not included in the title of the act were void and of no operating effect. Following those two opinions, which are sustained by the unbroken line of opinions from other states, the provisions of the 1924 act in so far as they are attempted to be applied to cities of the fourth class not having a population of 5,000 inhabitants or more are inoperative and left those cities, so far as the registration of voters therein is concerned, as though the 1924 act had never been passed, which of course would mean that the prior law upon the subject, section 1490, *supra,* of the statutes, was still in effect as to registration of voters in such cities. We fully appreciate the fact that the division of fourth class cities into two subclasses for the purposes of registration is productive of confusion and was perhaps not the actual intention of the legislature but, as has often been said, the legislative intent may not be gathered from what the General Assembly failed to say, but from what it actually did say, and in this case it said in the title to the 1924 act that it should relate only to cities and towns having a population of 5,000 inhabitants or more, which under the opinions, *supra,* excluded from its operation

all towns in the fourth class with a less population than 5,000. The trouble could easily have been eliminated by providing in the title that the act should apply to all cities and towns of the first, second, third and fourth classes without specifying the population; and perhaps that may have been the actual intention of the legislature in passing the act, but unfortunately it prescribed in the title otherwise, and we are bound by the limitation therein contained. So that we interpret the 1924 act to apply to all cities and towns having a population of 5,000 or more, including those of the fourth class and up to the maximum population, and the registration provided for by it will be made in such cities as therein prescribed; but as to the remaining fourth class cities in the Commonwealth which have a population less than 5,000 the registration will in them be taken and made as prescribed by the statute, *supra,* heretofore in existence.

Contention (a) may be answered by saying that it was expressly overruled in the Erlanger Graded School case, *supra,* and in each opinion of this court wherein it was denied it was either expressly or impliedly overruled. Independently, however, of those opinions, it might be further added as an answer to that contention that the Constitution classified cities of the fourth class, so far as the subject of registration of voters is concerned, when it made it compulsory on the part of the legislature to provide for such registration in all cities of that class having a population of more than 5,000 and made it discretionary with the legislature as to whether cities of the same class with a less population should or not have registration of voters within their limits. Furthermore, the 1924 act itself (section 26) expressly says: "If any section, paragraph, clause or separable provision of this act should be adjudged to be unconstitutional, such decision shall not affect, or render unconstitutional, any other section, paragraph, clause or separable provision of the act, it being the intention of the General Assembly, in enacting this act, to enact each section, paragraph, clause and provision separately." It is, therefore, concluded that contention (a) is without merit.

Contention (b) is equally without merit. In the first place, the number of inhabitants of a city or town is a fact which is readily ascertainable and it is only when the fact upon which the application of a statute depends is utterly nonobtainable that the statute will be held invalid. In the second place, there exists no confusion

upon the point as to whether a particular city of the fourth class has or not a population of 5,000 inhabitants or more. It is true that the 1924 act involved here makes no provision for the ascertainment of that fact; but, under the same circumstances, this court held in the case of Jernigan v. City of Madisonville, 102 Ky. 313, that the population of the city, so far as the purposes of the act then under consideration were concerned, would be that shown by the last federal census, or by the last census subsequent to the taking of the federal census which was made pursuant to an ordinance of the town prescribing therefor. The principle of that opinion was also upheld in the cases of O'Bryan v. City, 113 Ky. 680, and Griffin v. Powell, 143 Ky. 276. So that there need be no confusion for the current year, 1924, or any subsequent year, as to whether a particular city of the fourth class comes under the provisions of the 1924 act with reference to the registration of its voters or under the provisions of the prior statute upon the subject, since the fact as to whether or not it has a population of more or less than 5,000 inhabitants may be easily determined by the last federal census, if there has been none taken under a municipal ordinance since then, and if one was so taken then it can be determined by the census so taken under the ordinance, each of which is a matter of record, and the officers and all authorities having duties to perform in taking the registration in either subclass of fourth class cities may ascertain the fact of the number of inhabitants in the manner indicated and act accordingly.

There is left, therefore, only the confusion as well as additional labor in having a different registration at a different time and by different officers in a portion of the fourth class cities from that provided in other cities of the same class; but that fact does not render the act unconstitutional because it would have been undoubtedly competent for the legislature to have so expressly provided under the provisions of the Constitution, *supra.* It, therefore, results that in so far as the relief sought by the plaintiff, Hewlett, is concerned the court properly denied the injunction, but in so far as it was sought by the plaintiff, Barnett, it being shown that Earlington, of which he is a citizen, voter and resident, has a population less than 5,000 inhabitants, the injunction should have issued.

Wherefore, the motion by plaintiff, Hewlett, to grant the injunction is overruled, but the motion for the same relief by the plaintiff, Barnett, against the defendants who are the alleged registration officers in the Church precinct in Earlington and against the defendant, county court clerk, is sustained and the learned circuit judge of the Hopkins circuit court will issue it upon the execution of bond as required by law.

Judges Clarke, Clay and McCandless considered this motion with me and concur in the conclusion reached.

Witness my hand this September 1, 1924.

Gus Thomas, *Judge of the Court of Appeals.*