## Carroll, et al. v. Fullerton.

(Decided May 25, 1926.)

### Appeal from Boyd Circuit Court.

1. Judgment—Existing Final Judgment, Rendered on Merits Without Fraud by Competent Court, is Conclusive on Parties or Privies in Other Actions in Same or Other Court on Matters in Issue in First Suit.—Existing final judgment or decree, rendered on merits 'without fraud or collusion by court of competent jurisdiction, is conclusive of rights of parties or their privies in all other actions or suits in same or other judicial tribunal of concurrent jurisdiction on matters in issue in first suit.

2. Judgment—Doctrine of Res Judicata Does Not Apply to City Attorney's Action for Compensation for Different Period than Involved in Prior Suit, but Does Apply where Same Question is Involved (Ky. Stats., Section 3373).—Doctrine of res judicata does not apply in action by city attorney for compensation under Ky. Stats., section 3373, for a different period than that involved in prior suit, but does apply where same question is involved in both suits.

3. Judgment—In Subsequent Action on Same Cause of Action, All Questions that Could have Been Raised in First Action are Determined; but, when Not on Same Cause of Action Only Matters in Issue Presented and Determined in First Action are Res Judicata.—All questions that were or could have been raised in first action will be considered as finally determined in subsequent action on same cause of action; but, when subsequent suit is not on same cause of action, doctrine of res judicata does not apply, unless matters in issue were presented and determined in first action.

4. Judgment—Uncorrected Erroneous Ruling that City Attorney Does Not Come Within Constitution Limiting Compensation of Public Officers is Binding on Parties and Privies in All Subsequent Litigation Involving Identical Question (Constitution, Section 246).—Erroneous ruling that city attorney did not come within Constitution, section 246, limiting compensation of public officers, never corrected, is binding on both parties and their privies in all subsequent litigation wherein identical question is involved.

5. Judgment—Municipal Corporations.—City transferred from third to second class by Acts 1924, c. 82, does not change its corporate entity, and hence is bound by all questions expressly determined, in action by city attorney for compensation tried before such transfer.

6. Judgment—Judgment Against City Operates as Judicial Estoppel in Subsequent Action Against Administrative Officers of City Involving Identical Question.—Judgment against city, in action for compensation by city attorney, operates as a judicial estoppel in subsequent action against administrative officers of city involving identical question.

7. Judgment—State or Municipality is Bound by Judgment Against Administrative Officers Involving General Public Question Affecting Delegated Duties of Officers, and Officers are Bound by Judgment Against State or Municipality Involving Same Questions.—State or municipality is bound by judgment against its administrative officers involving a general public question affecting the delegated duties of such officers, and officers are bound by judgment against state or municipality involving same questions.

8. Judgment—Municipal Corporations—City Attorney of City Transferred from Third to Second Class is Entitled to Same Compensation Until Expiration of Term, so that Judgment in Action for Compensation Rendered Before Transfer is Res Judicata in Action After Transfer Involving Identical Question (Acts 1924, c. 82; Ky. Stats., Sections 3065, 3167, 3264).—City attorney of city transferred from third to second class, under Acts 1924, c. 82, which, under Ky. Stats., section 3264, did not affect rights and duties of officers of city, continues to hold office, with right to collect same compensation as before transfer until expiration of his term, though, under sections 3065, 3167, compensation of city attorneys of cities of second class differed from that of cities of third class, and hence judgment, in action by city attorney for compensation rendered before transfer, is res judicata in action after transfer involving identical question.

JOHN T. DIEDERICH for appellants.

J. B. ADAMSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

The appellee, Fullerton, at the regular November election in 1921 was elected prosecuting attorney for the

city of Ashland, which was then a city of the third class and he qualified and took charge of the office on the first Monday in January, 1922, for a term of four years, which would expire the first Monday in January, 1926. At the time of his election to and entering upon the duties of that office, section 3373 of Carroll's edition of Kentucky Statutes was then in force as a part of the charter of cities of the class referred to, and it contains this language: "He (city prosecuting attorney) shall receive as his compensation thirty per cent (30%) of all fines and forfeitures recovered in said court, and which shall be collected and paid into the treasury of the city, the same to be ascertained from the monthly settlements of the marshal, and paid upon order of the council." On December 4, 1923, Fullerton filed his petition in the Boyd circuit court against the city, by which he sought to recover from it the balance of the 30% commissions of fines and forfeitures collected and turned into the city treasury over and above $5,000.00 per annum, which latter amount the city had paid, but disputed his right to recover from it more than the $5,000.00, although the excess was a part of the 30%, upon the ground that section 246 of the Constitution limited his salary to an amount not exceeding $5,000.00 and that the fees and commissions of his office above that should be turned into the city treasury. The Boyd circuit court upon the trial of the case, in which was involved only that legal question, erroneously held that plaintiff was not such a public officer as the section of the Constitution referred to and that, since there was no statutory limitation of plaintiff's salary, he was entitled to recover the amount sued for, and judgment was rendered in his favor. From that judgment the city prayed and was granted an appeal to this court, but it did not take the appeal within the time prescribed by the practice, and upon motion it was dismissed and the appeal was never in any manner attempted to be renewed. Such dismissal reinstated the judgment of the circuit court and it is now and has continuously been since its rendition in full force and effect.

The legislature at its 1924 session enacted chapter 82, page 215 of the Session's Acts for that year reclassifying cities in this Commonwealth, and by which Ashland was transferred to a city of the second class. But that act, which we shall hereafter refer to as the "transferring act," expressly provided that the officers then in office in any city transferred by it from one class to an-

other "will hold their office until the term for which they were elected has expired and until their successor has been elected and qualified." However, the same provision was theretofore contained in section 3264, a part of charters of cities of the third class to which Ashland belonged at the time of Fullerton's election, and that section also contained this language: "Nor shall the powers, rights, duties or obligations of the city be in any wise affected by the transfer of any officer or employee thereof, or debtor or creditor of the city." The method by which the transfer provided for in that section was held unconstitutional in the case of Jernigan v. City of Madisonville, 102 Ky. 313, construing a similar section in the charter of cities of other classes, and that holding was approved and followed in the case of Gilbert v. City of Paducah, 115 Ky. 160. But in each of those opinions it was expressly held that all other parts of the sections involved, one of which was 3264, including that of continuing the tenure of the office until the expiration of the term, and also the preservation of his powers, rights, duties and obligations, were constitutional, and those portions so held to be constitutional have never been repealed, amended, or altered in any manner.

The instant case was filed by Fullerton, to whom we shall hereafter refer as plaintiff, against the appellants and defendants, who are the officers of the city whose duties are to audit and pay plaintiff for his services as city prosecuting attorney under the cities of the second class to which Ashland was transferred. The relief sought in his petition was to compel those officers to perform their duties in paying him for the city his 30% compensation upon fines and forfeitures collected and turned in to the city treasury for the time subsequent to that involved in the first suit above mentioned. The defendants representing the city made in the court below the same defense that the city made when it was a third class city in the first case above referred to, i. e., that plaintiff was not entitled to recover under section 246 *supra,* for his services more than $5,000.00 per annum, and that he had been paid that amount. The trial court, the judge in which had been changed in the meantime, disallowed that defense; but whether for the same reason upon which the first judgment was rendered, or upon the the ground that the defense was *res judicata* we are not informed by the record. Judgment was accordingly rendered in this case conforming to the prayer of the

petition and defendants representing the city, which is now one of the second class, prosecute this appeal. We are of the opinion that the court that rendered the judgment in the first case was clearly in error in holding that section 246 of the Constitution did not apply to plaintiff and did not have the effect to limit his compensation to the maximum of $5,000.00 per annum. But, since we have concluded that the determination of that question against plaintiff will not, under the state of the record, authorize a reversal of the judgment, we will not elaborate upon it, since it is our conclusion that the city is bound by the first judgment determining that defense against it.

The doctrine of *res judicata* has long since been firmly established in the law, and it has been and is now recognized by all courts, including this one, that "an existing final judgment or decree rendered upon the merits, and without fraud or collusion by a court of competent jurisdiction, upon a matter within its jurisdiction, is conclusive of the rights of parties or their privies, in all other actions or suits in the same or any other judicial tribunal or concurrent jurisdiction upon the points and matters in issue in the first suit." 15 R. C. L. page 950, para. 429. Some of the many cases from this court applying that doctrine are Schuster v. White, 106 Ky. 315; Combs v. Stacy, 147 Ky. 222; Bassett v. Bassett, 179 Ky. 567; O'Hara v. O'Hara, 182 Ky. 260, and Lewis v. Lewis, 196 Ky. 701. The list could be increased to a much greater length, but because of there being no dissent from the rule as stated it is unnecessary to do so. However, the doctrine does not apply in the broadly stated terms above where the second or subsequent suit is not upon the *identical* and same cause of action, as is true here where the compensation sought to be recovered in plaintiff's first suit was for a different period of service than what is sought to be recovered in this one. But it is applied with equal force, and the first judgment has the same *res judicata* effect where the *same question* was involved in all or both the actions and was decisive of the first one. Where the second or subsequent action is upon the same cause of action all questions that were *or could have been raised* will be considered as finally determined so as to render the estoppel applicable to a subsequent action on the same mater; but when the subsequent suit is *not* upon the same cause of action as the first one, then the doctrine cannot be applied in the latter one, unless the matters in

issue in it were also presented and determined in the first action. The distinction is clearly stated in the text of R. C. L. *supra,* page 952, thus: "It (the first judgment) is a finality as to the claim or demand in controversy concluding parties and those in privity with them, not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Where, however, the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters *in issue* or *points controverted,* upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question *actually* litigated and determined in the original action, not what might have been thus litigated and determined. (Our italics.) Only upon such matters is the judgment conclusive in another action." Some, if not all, of the domestic cases *supra,* recognize that distinction, as is also done in a number of others from this court, some of which are referred to in the cited opinions. See also Cromwell v. County of Sac, 94 U. S. 351.

In the first action of plaintiff against the city the sole question involved and the one upon which the court rendered its erroneous judgment (but which error has never been corrected by appeal or otherwise), was: Whether plaintiff was such a public officer as was contemplated by section 246 of the Constitution containing a maximum limitation of $5,000.00 annual compensation for public officers? That question, as we have seen, was decided adversely to the city, and as long as it remains in full force it is a judicial determination between plaintiff and the city that there is no constitutional or statutory limitation upon the amount of annual compensation to which he is entitled, except that it shall not exceed 30% of the fines and forfeitures paid into the city treasury from prosecutions by defendant in the proper court; and according to the doctrine *supra,* that question is binding upon both parties and their privies in all subsequent litigation wherein the identical question is involved.

But it is insisted for the city that the doctrine is not applicable where the city in the meantime, as was done here, was transferred from the third class to the second

class, because, (a) when the transfer was made the city lost its identity as such and became recreated one of the second class, and that after then it was not the same municipal corporation and was and is not bound by the determination of the question against it while it was a third class city; and (b), that under the charters of second class cities, to which Ashland was tranferred by the transferring act, city prosecutors therein are not entitled to *any* per cent of the fines and forfeitures collected, but only to a salary "as the general council shall deem proper" (section 3167 of the statutes), and that after the city became one of the second class the method of compensation was to be governed by the provisions of the charter of that class of cities and plaintiff then lost his right to the 30% compensation provided for in third class charters under which in no event could he be allowed compensation exceeding $5,000.00, which is the maximum limit for officers of cities of the second class, as provided in section 3065 of the statutes, which is a part of the charter of second class cities. We will briefly consider those contentions.

In regard to the first one (a) we have been cited to no authority sustaining it, nor is there any convincing argument made in its support. The city of Ashland is the same city now after legally taking its place in the second class list as it was before the transfer, the only difference being that it is now goverened by a different charter which is in effect its constitution. The same argument if sound would prevail in the case of a state adopting a new constitution when it could be said with equal plausibility that it became a new state after doing so; and the argument could be made with equal force wherever powers, duties and authority of a municipality or public administrative body should be changed by statute. Furthermore, if the argument be sound then it would follow that contractual obligations, such as the issuance of bonds, would become abrogated when the municipality was clothed with a new charter, but which no one will contend is true. Independently, however, of that fact, it is provided, as we have seen, by the transferring act that the officers of the transferred city shall continue to hold them until their successors are elected and qualified under the charters of the class of cities to which the transfer was made, and it is also provided by section 3264 *supra,* that such transfer of a third class city shall in no wise affect the powers, rights and duties of any officer of that class city when it

is transferred to another class. Therefore, when Ashland was transferred to a second class city by the transferring act, plaintiff continued to hold his office with the acknowledged right to collect the same compensation that he was entitled to do as the prosecuting attorney of Ashland from and after the time he was elected and throughout the projected unexpired portion of the term as prosecuting attorney for a second class city. It is, therefore, manifest that the city of Ashland, in so far as the question under consideration affects plaintiff's rights, was the same public corporate entity at the time of filing this suit as it was when the judgment in the first case was rendered, and that all questions that were expressly determined in that judgment are binding upon the city after it was transferred to a second class one.

. But it is insisted that the judgment in the first case is not a judicial estoppel in this one, because the parties are different, *i. e.*, in the first one the city only was defendant, while in this one the city as such was not a party but only some of its administrative officers, who it is claimed are not privies with the city. But we are unable to adopt that contention. The text in the volume of R. C. L. referred to on page 1029, in stating who are privies so as to be bound by a former judgment against the government or one of its political units, says: "Although neither the United States nor a state can be sued without its consent, yet if an action is instituted by the state or the United States, or against either, in a case where the law permits it to be sued, the judgment therein rendered will have the same effect as *res judicata* against it and all of its officers and agencies as would a judgment in an action against a private person in an action brought by or against him. . . . A judgment against a county or its legal representatives in a matter of general interest to the people thereof includes not only the parties named as defendants, but also all the citizens of the county so named." The text is supported by numerous cases cited in the notes, one of which is Henderson v. Henderson Bridge Co., 116 Ky. 164, 75 S. W. 239, 105 A. S. R. 197. Those authorities affirm the universal proposition that a state or a municipality is bound by a judgment against its proper administrative officers involving a general public question affecting the delegated duties of such officers, and also that the latter are bound by a judgment against the state or municipality involving the same questions.

The question of the preserved right to continue in office throughout his term and to collect the prescribed compensation at the time he .was elected, raised by insistence (b) was squarely before us in the Gilbert case *supra,* which was one on all fours with this one; it, even involving the rights of officers of a *third* class city after it was transferred to the second class, and we held therein that the officers of the third class city (one of which was the city attorney) had, not only the right to continue in his office until the term for which he was elected had expired, but that he was also entitled to collect the same compensation that was provided by law at the time he was elected. But for the question of *res judicata* presented in this case the two cases would be identical. Since, therefore, the city of Ashland is estopped by the judgment in the first case to insist on a limitation of plaintiff's salary to the $5,000.00 maximum limit the court correctly held in this case that he was entitled to the relief sought and gave him judgment accordingly.

Wherefore, the judgment is affirmed. Whole court sitting.