## Maddox-Grundy Co. v. Mahan.

(Decided Dec. 17, 1935.)

W. A. HUBBARD and L. G. BRADBURY for appellant.

J. WIRT TURNER and MARSHALL HARDY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

T. G. Maddox and D. Y. Grundy, doing business as Maddox-Grundy Company, sued Glover W. Mahan and Viola Mahan to recover on a $1,000 note given by Glover Mahan for a real estate commission, and to sell certain real estate standing in the name of Viola Mahan, on the ground that her husband, Glover W. Mahan, was the real owner, and it had been conveyed to her for the purpose of defrauding his creditors. A lis pendens notice was filed in the office of the clerk of the Jefferson county court, but no attachment was sought or levied on the property. However, a bond

on the form of a bond of defendant to discharge an attachment was executed to the plaintiffs by the defendants Glover W. Mahan and Viola Mahan, with George Mahan as surety that the defendants would perform the judgment of the court. The petition was dismissed as to Viola Mahan, but judgment for $1,000 was rendered against Glover W. Mahan. Shortly after the judgment was rendered, plaintiff served the necessary notice and made a motion for judgment on the bond, which motion was overruled on January 23, 1932. On April 11, 1932, the same judge delivered a nunc pro tunc opinion holding that there was no statutory authority for the execution of the bond and no consideration for its execution, and that its execution was due to a mistake or error upon the part of those executing it, and again overruling the motion for judgment on the bond. On May 20, 1932, on motion of George Mahan, surety on the bond, his name was stricken from the bond on the ground that Glover W. Mahan's name had been included in the bond as the principal by mistake and on motion of Glover W. Mahan his name was stricken from the bond.

In the meantime this action was brought in the Henry circuit court by Maddox-Grundy Company against George Mahan to recover on the bond, plaintiff's relying upon the fact that the bond was executed to secure relief from the lis pendens on the property, that there was a valuable consideration therefor, and it was good as a common-law bond, that the order of January 23, 1932, denying judgment on the bond was final, and the subsequent order of May 20, 1932, was void for the reason that the court had then lost jurisdiction of the case, and the further reason that a common-law court was without jurisdiction of a matter within the exclusive province of the court of equity. On the other hand, George Mahan pleaded that there was no authority or consideration for the execution of the bond, and further pleaded as res judicata the judgment of the court overruling the motion for judgment on the bond, and also the subsequent order striking his name from the bond. The court sustained a demurrer to the original petition, and to the amended and supplemental petition, and plaintiffs having declined to plead further, the action was dismissed. Plaintiffs appeal.

In their briefs counsel have discussed many inter-

esting questions which it will be unnecessary to decide. The case comes to this: The order overruling the motion for judgment on the bond was either final or not final. If final, it put an end to the controversy, and precludes a recovery in this action. If not final, the court still had jurisdiction of the action even after the expiration of 60 days, and had the power to enter a judgment striking appellee's name from the bond. But the further point is made that, being a common-law court, the court was without authority to strike appellee's name from the bond on the ground of mistake. The case was pending in the court. The jurisdiction of the court was not challenged, but was invoked for the purpose of enforcing the bond. The court had jurisdiction of the parties and the subject-matter. Striking appellee's name from the bond was only another way of saying that there could be no recovery on the bond. In the circumstances the most that can be said is that the judgment was erroneous and not void. Not being void, it was binding on the parties until modified, set aside, or reversed. Perry v. Eagle Coal Co., 170 Ky. 824, 186 S. W. 875. That not having been done, the judgment is a bar to this, a subsequent action, brought in a different court to recover on the bond. Carroll v. Fullerton, 215 Ky. 558, 286 S. W. 847. Such being the view of the trial court, it follows that the judgment is correct.

Judgment affirmed.