## Engle et al. v. Miller.

January 17, 1947.

Franklin P. Hays and Skaggs, Hays & Fahey for petitioners.

H. Bemis Lawrence, Lawrence S. Grauman and James T. Robertson for respondent.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Dismissing petition.

The General Assembly, at its 1946 Session, amended several sections of Chapter 81 of the Revised Statutes relating to the incorporation of cities and towns. Chapter 42, Acts of 1946. But the provision of many years standing that a Circuit Court should declare the establishment of a municipality when certain facts were shown was re-enacted. James R. Engle and two others, for themselves and 1,001 other residents of the St. Matthews community, which is contiguous to Louisville, instituted proceedings to have it incorporated. Three different groups filed answers in objection and challenged the constitutionality of the Act upon several grounds. The court expressed the opinion that Section 4, which authorizes a proceeding for incorporation to be maintained either by 500 or a majority of the voters residing within the boundary of the proposed city, whichever is the less, violates Section 2 of the Constitution prohibiting the exercise of arbitrary power by the Legislature. The court, therefore, declined to set the case for a hearing on the merits. The defendants tendered a draft of a consistent judgment, and moved that it be entered. Upon objection, the court directed that it be endorsed as tendered; but stated that the tendered judgment would not be signed until a certain date.in order to enable the petitioners to seek a writ of prohibition or mandamus in this court.

Thereupon, Engle et al. filed this original action in this court against the Honorable W. Scott Miller, Judge of the Chancery Branch, Second Division, of the Jefferson Circuit Court. They prayed for a writ prohibiting the entering of any judgment decreeing that any part of the Act is unconstitutional, and for a writ of mandamus directing the respondent to set the case for hearing upon the questions of whether the population within the described boundary is sufficient and the proper notice had

been given or publication made. This method of seeking a review of the chancellor's decision is thought to be necessary because of the provisions of KRS 81.060(4), as amended, which is as follows: "The pleadings and practice shall be the same as in equity causes, except as otherwise provided in this chapter, but no appeal shall lie from the judgment."

The authority of this court as one of original jurisdiction, conferred by Section 110 of the Constitution, is confined to the control of a Circuit Court whenever it is (1) proceeding without jurisdiction or (2) is proceeding erroneously within its jurisdiction and (3) there is no adequate remedy by appeal and a great injustice or irreparable injury would result unless the court is restrained or directed to do something affirmatively. This is familiar law. Evans v. Humphrey, 281 Ky. 254, 135 S. W. 2d 915; Stafford v. Bailey, 301 Ky. 155, 191 S. W. 2d 218. Obviously, the only basis upon which a writ might be granted in this case is that the respondent is about to render an erroneous judgment and the statute denies the petitioners an appeal to this court. The question then is whether or not there could be an appeal from the judgment proposed to be entered.

The power of the Legislature to deny the right of appeal has always been recognized. Section 110, Constitution; Mason v. Montgomery County Board of Education, 291 Ky. 654, 165 S. W. 2d 346. The mere fact that the constitutionality of a statute is involved does not of itself give the right of appeal if the conditions stipulated by the statute are not present, e. g., the amount involved. Stewart v. City of Corbin, 294 Ky. 284, 171 S. W. 2d 445.

The statutes declare that an appeal from a final judgment of a circuit court may be taken to this court as a matter of right in all cases other than those specifically excepted, in none of which does the proposed judgment fall. KRS 21.060; Civil Code of Practice, sec. 734. Therefore, the denial of the right of appeal contained in KRS 81.060 (which is the same as before the amendment of 1946) must be construed as having particular or special reference to the subject matter of the section of the statute of which it is a part, namely, that relating to proceedings and judgments establishing a city. The action

of the circuit court in that matter is not strictly judicial, for the creation or incorporation of a municipality is a political act and legislative function. The General Assembly has set up the conditions for the establishment of a city or town and conferred the power upon the court to determine whether certain facts exist. That is the limit of judicial action. When the specified conditions are found to exist, there is no further judicial discretion in the court. The court, in effect, merely declares the act of the Legislature to be operative. Jernigen v. City of Madisonville, 102 Ky. 313, 43 S. W. 448, 39 L. R. A. 214; Carrithers v. City of Shelbyville, 126 Ky. 769, 104 S. W. 744, 17 L. R. A., N. S., 421, 31 Ky. Law Rep. 1166; Boone County v. Town of Verona, 190 Ky. 430, 227 S. W. 804. It is to this that the provision with respect to denying an appeal relates. Where in the same case there is presented the question of the constitutionality of an Act of the Legislature, which is independent in its nature, strictly judicial and one of great consequence, we do not believe that it was the legislative intent to prohibit an appeal. It is very important that such questions be finally determined by the court of last resort. The provision, therefore, will not be strictly construed.

In Morton v. Woodford, 99 Ky. 367, 35 S. W. 1112, 18 K. L. R. 271, an appeal was prosecuted from a judgment establishing a town. We held that the statute conferring power upon the court to establish towns in the manner provided was constitutional. Then inconsistently held that the provision that there should be no appeal from the judgment deprived this court of jurisdiction to determine the question, and, therefore, dismissed the appeal. We construe these inconsistent statements or rulings as accepting jurisdiction to determine the constitutionality of the Act in the respect stated and holding that we could not entertain jurisdiction of the appeal from so much of the judgment as declared the establishment of the town. The opinion, therefore, should be regarded as thus construed.

Our conclusion is that there is a right to appeal from the proposed judgment, if and when it becomes final, in declaring a portion of the Act of 1946 to be unconstitutional. Concerning that question, we have formed no

opinion and, of course, express none. Therefore, as there is a remedy by appeal, the prayer of the petitioners for a writ of prohibition or mandamus is denied and the petition is dismissed.