## Chesapeake & O. Ry. Co. v. Murphy, Judge.

December 15, 1950.

Ray L. Murphy, Judge.

310

LeWright Browning, Browning & Gray, Odis W. Bertelsman for petitioner.

Benton, Benton & Luedeke for respondent.

CHIEF JUSTICE SIMS—Denying writ.

This is an original action in this court wherein petitioner, Chesapeake & Ohio Railway Company, hereinafter referred to as the Company, is seeking a writ of prohibition against Hon. Ray L. Murphy, Judge of the Campbell Circuit Court, to restrain him from entering a judgment he has indicated he will enter in a suit to incorporate the town of Silver Grove in which will be included the Stevens railroad yards of the Company, which yards petitioner avers are unsuitable and unfit for municipal purposes.

Silver Grove is a community in Campbell County where some 598 inhabitants reside, of whom 253 are voters. Of this number of voters 213 signed and filed a petition in the Campbell Circuit Court to incorporate an area one-half mile square into the town of Silver Grove, as is provided in KRS 81.040 et seq. There was but one remonstrant, the Company, and its pleading avers that of the 160 acres proposed to be incorporated into the town, 64 acres constitute the railroad yards of the Company. Filed with the Company's pleading is a map showing the part of its yards sought to be included in the town. This map shows all residences, and

buildings of the town, as well as all city lots, lie south of the railroad yards, which latter extend northwardly practically to the Ohio River. South of the proposed town there is ample land suited for municipal purposes which could be incorporated within the town's boundaries.

The remonstrance of the Company avers these yards are used solely for railroad purposes in connection with the interchange of freight traffic among the various railroads entering the Cincinnati area; that no dwelling or business house can ever be erected in its yards, nor can streets or sidewalks be constructed therein and its yards are not adaptable to and can never be put to any municipal use. Three large pictures filed with the Company's pleading substantiate the foregoing allegations. This pleading further alleges the Company maintains its own lighting, water and sewage systems in these yards, as well as its police and fire departments; that the yards are located in a graded school district and the Company pays school taxes thereon; that no benefit will result to the Company from having its yards included within the town, and the only purpose for so including them is to have the Company pay the principal portion of the town's taxes; that the Company will be deprived of its property without due process of law in contravention of the Fourteenth Amendment of the Federal Constitution, and the inclusion of its yards within the town will constitute the exercise of arbitrary powers by the incorporators contrary to section 2 of the Constitution of Kentucky.

A general demurrer was sustained to the remonstrance of the Company, it refused to plead further and respondent decided he would include these yards in the incorporation of the town, but held up the entry of his judgment in order to enable the Company to seek a writ of prohibition in this court, as was done in Engle v. Miller, 303 Ky. 731, 199 S. W. 2d 123. The Company promptly filed its petition in this court seeking a writ of prohibition in which it set out practically the same allegations contained in its remonstrance, and further averred KRS 81.060 provides there shall be no appeal from the judgment of the circuit court incorporating a new town, and petitioner will suffer great and irreparable injury in the event Judge Murphy enters his pro-

posed judgment. Pending the preparation of the original action in this court, we granted a temporary writ of prohibition. The complete record in the suit to incorporate Silver Grove was filed as an exhibit with the petition seeking a writ of prohibition.

The first question to be determined is whether or not the Company has an adequate remedy by appeal, since it is familiar law that a writ of prohibition will only be granted when the circuit court is proceeding without jurisdiction, or is proceeding erroneously in its jurisdiction and there is no adequate remedy by appeal and great injustice or irreparable injury will result to petitioner unless the court is restrained or directed to do something affirmatively. Engle v. Miller, 303 Ky. 731, 199 S. W. 2d 123, 124; Farmers National Bank of Danville v. Speckman, 312 Ky. 106, 226 S. W. 2d 315. The Engle opinion points out there is no appeal from a judgment establishing a town under KRS 81.060; but an appeal lies where there is presented in the action a question of the constitutionality of an Act of the General Assembly which is ''independent in its nature, strictly judicial and one of great consequence.''

From the petition and record in the instant case, it appears that the respondent, Hon. Ray L. Murphy, has followed and intends to follow in every particular KRS 81.060. Thus, so far as the statute is concerned, respondent has not proceeded erroneously. Consequently, if any fault is to be found in the proceedings, it must lie in a constitutional objection to the statute itself, or to the application of the statute in this particular case. In Engle v. Miller it was pointed out that the question of the constitutionality of an act of the General Assembly, when brought into this type of case, is an issue separate and apart from the issues to be determined by the court under KRS 81.060 and it was held an appeal would lie from a determination on such an issue, though not on that part of the judgment dealing with a determination under KRS 81.060. We think, whether the independent question raised is one as to the constitutionality of the act, or as to the constitutionality of a particular application of the act, the reasoning of the Engle case should apply.

Since the petitioner has specifically brought into the case a question as to the constitutionality of KRS

81.060, or a particular application of that statute and since, as said above, this is the only ground for any error in the proceedings, we have concluded an appeal will lie from a determination of the circuit court on that point. Therefore, the writt of prohibition is denied.