## BURTON v. GRAHAM et al.

Court of Appeals of Kentucky.

Oct. 12, 1951.

Maurice D. Burton, Bowling Green, for appellant.

Marshall Funk, Bowling Green, for appellees.

WADDILL, Commissioner.

Appellant, Maurice Burton, filed petition seeking a writ of mandamus against the members of the Warren County Election Commission, to compel them to issue him a certificate of nomination for the office of city attorney of the city of Bowling Green. The court sustained a demurrer to the petition; hence, this appeal.

The petition informs us as to the events leading to this controversy which are summarized as follows: On December 5, 1949, Bowling Green was a city of the third class. On that date B. G. Davidson qualified and took office as the city prosecuting attorney of Bowling Green. On June 15, 1950, by legislative enactment, Bowling Green became a city of the second class. In 1951 Davidson announced his candidacy for the office of Commonwealth's Attorney of the Eighth Judicial District, which includes the city of Bowling Green. By various ways, Davidson informed the voters and public that due to the fact that the classification of the city of Bowling Green had been changed to a second class city, it necessitat-

ed an election of the city attorney for that city in 1951. Appellant claims that he relied upon that announcement and upon the provisions of KRS 84.350 and filed his declaration for the Democratic nomination for the office of city attorney of that city. Appellant says that no other person filed for the office of city attorney, therefore he is entitled to receive a certificate of nomination from the defendants so that the county clerk of Warren County will place his name on the ballots for the regular November, 1951, election.

Appellant claims that under his allegations he shows that a vacancy exists in the office of city attorney. We find that there is no vacancy in the office of city attorney of Bowling Green; nor does one relinquish an office he holds by becoming a candidate for another. City of Somerset v. Caylor, Ky.1951, 241 S.W.2d 990. In 1949 Davidson became the city prosecuting attorney and later became the city attorney for the remainder of his term when Bowling Green was transferred from the third to a second class city. KRS 81.020; KRS 81.030; Carroll v. Fullerton, 215 Ky. 558, 286 S.W. 847; Gilbert v. City of Paducah, 115 Ky. 160, 72 S.W. 816. Until Davidson resigns, or unless the office of city attorney is declared vacant for some valid reason, Davidson has the right to hold the office during the four year term for which he was elected.

We shall now direct our attention to the question as to whether appellant is correct in averring that an election of the city attorney must be had in 1951 in accordance with KRS 84.350. In cities of the third class, the election of the city prosecutor is provided for by KRS 69.510 as follows: "The voters of the cities of the third class shall elect a prosecuting attorney every four years beginning with 1893. * * *"

The election of the city attorney in cities of the second class is provided for by KRS 84.350(1) which reads: "At the regular election every four years, beginning with 1895, the voters of the city shall elect a mayor, city treasurer, city attorney, assessor and city jailer, each to hold office for four years and until his successor is elected and has qualified."

 The above quoted sections of the statutes are applicable only to election of officers for full terms. Davidson occupies the office of city attorney of the second class city of Bowling Green until December 1953. The vacancy occurring at the expiration of his term may be filled according to the method prescribed by law. The court correctly sustained the demurrer to the petition. Wherefore the petition for a writ of mandamus properly was denied.

Judgment affirmed.