**Kathleen LUSTER, Petitioner,**

**v.**

**Jean L. AUXIER, Judge of Pike Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 21, 1955.

As Modified on Denial of Rehearing
Feb. 3, 1956.

Frank. G. Gilliam, Lexington, for petitioner.

Chas. E. Lowe, Pikeville, for respondent.

CAMMACK, Judge.

Kathleen Luster, the petitioner, is seeking a writ of prohibition against Jean L. Auxier, a judge of the Pike Circuit Court, to prevent his hearing or continuing contempt proceedings against her for failure to comply with a judgment entered by him on August 19, 1955. That judgment granted custody of Mrs. Luster's six year old daughter, Diane, to her paternal grandparents, Sam and Virgie Luster. The child's father was killed in an automobile accident in 1950. A temporary writ of prohibition was issued by this Court September 16, 1955, staying the contempt proceedings pending the hearing on this petition.

The petitioner contends that the custody decree of the Pike Circuit Court is void for lack of jurisdiction because (1) Diane was a necessary party to the action and, although she was named as a defendant, no guardian ad litem was appointed for service of process upon her or to defend her rights, therefore she was not properly before the court; and (2) KRS 208.020 gives exclusive jurisdiction to the county court in "proceedings concerning children who are neglected," and this action was not of a type specifically excluded from that statute. Mrs. Luster contends also that the writ of prohibition should be issued in order to preclude a contempt conviction based upon the alleged void judgment.

We do not think it necessary to determine the jurisdictional issues, because the relief sought by the petitioner in this

case does not come within the scope of a writ of prohibition. Such a writ is an extraordinary remedy and will not be granted by this Court unless the lower court is acting without jurisdiction, or erroneously within its jurisdiction. In the latter case irreparable injury must be shown for which there is no adequate remedy by appeal or otherwise. Clark v. Jones, Ky., 258 S.W.2d 902; Chamblee v. Rose, Ky., 249 S.W.2d 775; Chesapeake & Ohio R. Co. v. Murphy, 314 Ky. 309, 234 S.W.2d 969.

 This is not a case where the lower court is acting without jurisdiction, because the judgment on which the contempt proceeding is based is not void on its face. The distinction between void judgments and those which are merely erroneous is significant here. See Commonwealth ex rel. Dummit v. Jefferson County, 300 Ky. 514, 189 S.W.2d 604, 167 A.L.R. 512. Certainly the trial court in the custody proceeding had jurisdiction to determine its jurisdiction of the parties and the subject matter, since the basis for such jurisdiction was not trivial or frivolous. Therefore, its judgment, even if erroneous on that issue, is not *void* for lack of jurisdiction. See United States v. United Mine Workers of Amerca, 330 U.S. 258, 67 S.Ct. 677, 91 L. Ed. 884.

Assuming the decree in the custody proceeding is erroneous, it is valid until reversed on appeal since erroneous judgments are not subject to collateral attack. Commonwealth ex rel. Dummit v. Jefferson County, 300 Ky. 514, 189 S.W.2d 604. Should it be found that the custody decree is erroneous, then the court is acting erroneously, but within its jurisdiction. In such cases writs of prohibition will be issued only upon a showing of irreparable injury, for which no adequate remedy is available.

In the instant case no irreparable injury is shown, since the petitioner need only comply with the custody decree until it is affirmed or set aside. Furthermore, the petitioner has had adequate remedies available to her. She could have appealed from the custody decree, or, under CR 60.02, could have moved the trial court to set aside the judgment which she contended was void. If the motion had been overruled, she could have brought an appeal to this Court and thus raised the issue of jurisdiction.

The temporary order issued by this Court on September 16, 1955, is set aside and the motion for an order for a permanent writ of prohibition is denied.