**Kathleen (Katy) LUSTER, Appellant,**

**v.**

**Frank COLEMAN, Jailer of Pike County, Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 9, 1956.

Frank G. Gilliam, Lexington, Dan Jack Combs, Pikeville, for appellant.

Charles E. Lowe, Pikeville, for appellee.

MILLIKEN, Chief Justice.

This is an appeal from a judgment denying a writ of habeas corpus. The appel-

lant, Kathleen Luster, is presently incarcerated in the Pike County jail pursuant to an order of the Pike Circuit Court, issued November 1, 1955. The order recites that the appellant was in contempt of court for failure to comply with a judgment rendered in the case of Sam Luster, Guardian, and Sam and Virgie Luster v. Diane Luster and Kathleen (Katy) Luster, which granted custody of the appellant's child, Diane, to her paternal grandparents. When the petitioner refused to purge herself of contempt by delivering the child to the grandparents, a warrant was issued for her arrest, alleging a felonious refusal to comply with the orders of the Pike Circuit Court. The felony warrant was a further effort to induce compliance with the court's custody decree, and it permitted Mrs. Luster's release if she posted bail in the sum of $300.

In her petition for a writ of habeas corpus, Mrs. Luster alleged that her imprisonment was unlawful because the judgment of which she was in contempt was void. She urged that (1) no guardian ad litem had been appointed to defend the interests of the child in the original custody proceeding, and (2) the Circuit Court had no jurisdiction over that type of suit, due to the provisions of KRS 208.020. These identical points were raised in the writ of prohibition action in this Court—Luster v. Auxier, Ky., 285 S.W.2d 900, decided October 21, 1955, modified on its face in overruling the petition for rehearing February 3, 1956. Therein Mrs. Luster sought a writ of prohibition to prevent a hearing or continuance of the contempt proceedings. We held that the judgment in the custody proceeding was not void because the trial court was vested with jurisdiction to determine its jurisdiction of the subject matter and the parties, since the basis for such jurisdiction was not trivial or frivolous. Hence, even if the issues of jurisdiction were erroneously decided, the resulting judgment would merely be erroneous, not void.

Since the identical issues are involved on this appeal, our prior decision is controlling. The custody decree is not void and therefore the appellant's detention for contempt of court in refusing to comply with the judgment is not unlawful.

The petition for a writ of habeas corpus was properly denied, and the judgment is affirmed.