Ryon MERRICK et al., Petitioners,

v.

Honorable Macauley L. SMITH, Judge, Jefferson Circuit Court, etc., et al., Respondents.

Court of Appeals of Kentucky.

June 23, 1961.

James W. Hendricks (Marshall, Cochran, Heyburn & Wells), Louisville, for petitioners.

Joseph E. Stopher, Louisville, for respondents.

STANLEY, Commissioner.

This is an original action seeking an order of mandamus against Honorable Macauley L. Smith, a Judge of the Jefferson Circuit Court, requiring him to enter a judgment incorporating a certain area as the town of Lynnwood.

The statute deprives a circuit court of discretionary power as to the establishment of a town where the prescribed conditions have been complied with, and states that there shall be no appeal from such a judgment. KRS 81.060. Judge Smith filed an opinion in support of a proposed judgment declining to approve incorporation on the ground that it would violate constitutional provisions of due process of law as declared in Chesapeake & O. R. Co. v. Murphy (City of Silver Grove), 314 Ky. 309, 234 S.W.2d 969, and Chesapeake & O. R. Co. v. City of Silver Grove, Ky., 249 S.W.2d 520.

The response to the petition for an order of mandamus points to those opinions, which hold that there is a right of appeal from a judgment in this kind of a case where the judgment would or does infringe upon a constitutional right that is independent in nature from the issues determined under KRS 81.060. But the proposed action here is the converse of that proposed and later taken in the Silver Grove cases. While based upon constitutional grounds, the proposed action of Judge Smith disapproves the incorporation of the town; hence, it would not deny the guaranty of due process to anybody. The status quo will not be changed.

It is an elementary principle that constitutionality of a law or its application is not open to challenge by a person or persons whose rights are not injured or jeopardized thereby.

Equally elementary is the judicial recognition of the power of the legislature to deny the right of appeal in this or any other kind of proceeding. Engle v. Miller, 303 Ky. 731, 199 S.W.2d 123. And the power of this court under § 110, Ky.Const., to issue writs of mandamus or prohibition to courts of lesser jurisdiction will not be exercised, save in exceptional or unusual cases, where it appears that to do so would merely be as a substitute for an appeal where the right thereto does not exist. Wright v. City of Hazard, 232 Ky. 407, 23 S.W.2d 590; McFarland v. Gilbert, 276 Ky. 423, 124 S.W.2d 473; City of St. Matthews v. Smith, Ky., 266 S.W.2d 347; Schaetzley v. Wright, Ky., 271 S.W.2d 885.

The petition for an order of mandamus is denied.