# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.



BUSTER CHANDLER                                                                              APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                          CASE NO. 2013-CA-001231
OLDHAM CIRCUIT COURT NO. 13-CI-00323


HON. KAREN A. CONRAD                                                          APPELLEE
JUDGE, OLDHAM CIRCUIT COURT


AND


BARRY D. MOORE, COMMONWEALTH                    REAL PARTY IN INTEREST
ATTORNEY FOR OLDHAM COUNTY


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

On May 20, 2013, the Oldham Circuit Court entered an order assessing

a partial filing fee of $55.00 for a pro se civil complaint tendered by Appellant,

Buster Chandler. The court ordered Chandler to pay this partial fee within 45

days. Chandler filed a motion to reconsider the May 20, 2013, order and a

motion for "exceptional circumstances" stating that he was unable to pay the

filing fee. The court denied both motions.

Chandler, pro se, petitioned the Court of Appeals for a writ to prohibit

the Oldham Circuit Court from enforcing the assessment of the filing fee. No

response pleading was filed. The Court of Appeals denied Chandler's petition,

stating that he had an adequate remedy by appeal from the May 2013 order pursuant to CR 5.05(4) and *Gabbard v. Lair*, 528 S.W.2d 675 (Ky. 1975). Therefore, the court held that a writ was inappropriate. Chandler now petitions this Court to reverse the Court of Appeals' denial of the writ action. No response pleading has been filed in this case.

Writs can be divided into two classes—those in which "the inferior court allegedly is (1) acting without jurisdiction (which includes 'beyond its jurisdiction'), or (2) acting erroneously within its jurisdiction." *Bender v. Eaton*, 343 S.W.2d 800 (Ky. 1961).

The present case involves the second class of writs. In these cases, an appellate court has discretion to grant a writ of prohibition upon a showing that the court is (1) acting or is about to act erroneously, (2) there exists no adequate remedy by appeal or otherwise, and (3) great injustice and irreparable injury will result if the petition is not granted. *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). Additionally, we note that writs are reserved for "truly extraordinary cases and are therefore discouraged . . . ." *Cox v. Braden*, 266 S.W.3d 792, 796 (Ky. 2008) (citing *Buckley v. Wilson*, 177 S.W.3d 778, 780 (Ky. 2005)).

Chandler continues to assert that he cannot afford the partial filing fee because of medical and other legal expenses. CR 5.05(4) provides in part as follows:

> If the motion to proceed in forma pauperis is denied, the moving party shall then have thirty (30) days to pay any required fees or costs *or to appeal the decision*. (Emphasis added).

2

Therefore, a writ is inappropriate in this instance because Chandler had an adequate remedy by appeal. *See National Gypsum Co. v. Corns,* 736 S.W.2d 325, 326 (Ky. 1987) ("It is beyond dispute that mandamus may not be used as a substitute for appeal.") (citing *Merrick v. Smith,* 347 S.W.2d 537 (Ky. 1961)). Chandler further contends that the authority cited by the Court of Appeals, upon which this Court also relies, violates the federal and Kentucky constitutions as well as the Kentucky rules of criminal procedure. However, these arguments are not properly before the Court and do not cure Chandler's erroneous request for writ relief.

## Conclusion

For the aforementioned reasons, we affirm the Court of Appeals' order denying Chandler's petition for a writ of prohibition.

All sitting. All concur.


APPELLANT:

Buster Chandler


APPELLEE:

Hon. Karen A. Conrad
Judge, Oldham Circuit Court


REAL PARTY IN INTEREST:

Barry D. Moore
Oldham County Commonwealth Attorney