CASE 60—PETITION EQUITY—MAY 30.                    99   367
                                                   105  540

# Morton v. Woodford, et al.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. ESTABLISHING TOWNS—ACTS GIVING THAT POWER TO THE
   COURTS CONSTITUTIONAL.—The Kentucky Statute conferring
   upon circuit courts the right to establish towns in this State
   under certain conditions, is constitutional.
2. APPEALS—POWER OF THE LEGISLATURE TO RESTRICT.—The legis-
   lature has the power to designate in what class of cases appeals
   may be taken from the lower courts, and it is expressly pro-
   vided in the statute under consideration that no appeal shall be
   allowed from the judgment of the circuit court.

J. A. DEAN FOR APPELLANT.

1. The petition of the appellee was not good because it showed that
   the territory sought to be incorporated is greater in extent than
   is permitted by the statute. The wording of the statute refer-
   ring to the limits of the boundary of a town to be incorporated
   is *complete* and without *ambiguity*, therefore no more can be
   necessary than to expound said wording in the natural and ordin-
   ary sense. (Sutherland on Statutory Construction, section 247.)
2. The Legislature in framing a general law under which municipal
   governments might be called into existence arbitrarily, fixed a
   limit below which the territory should not go in point of density
   of population.
3. The petition did not state facts showing that the petitioners were
   persons entitled to vote.
4. The allegations of the petition which are denied in the answer
   are not of such facts as are presumptively within the knowledge
   of the defendant and the court erred in sustaining the demurrer
   to the answer. (Civil Code, sub-sec. 7 of sec. 113; Wing v.
   Dugan, 8 Bush, 583; Greer v. Covington, 83 Ky., 410.)
5. The creation of a corporation is an exercise of the sovereign power
   and essentially legislative in its nature and there is no authority
   in the Constitution for the delegation of such legislative power

to the courts, therefore the assumption of such power by the courts, without express constitutional provision permitting such legislation, is unconstitutional. (Territory v. Stewart, 29 Amer. & Eng. Corp. Cases, 22; People v. Nevada, 6 Cal., 143; People v. Bennett, 29 Mich., 451, 17 Am. Rep., 107; 15 Amer. & Eng. Enc. of Law, page 961 and note; Cooley on Constitutional Limitation (4th ed.), 145, 146; in re Osborne, 101 Pa. St., 284.)

6. If either the area allowed by the statute was exceeded, or there was not the requisite number of voters that signed the petition, then the jurisdiction of the court did not attach and therefore any judgment rendered by said court was void. (13 Atlantic Reporter, 224 (cited in note 1), page 962, 15 Amer. & Eng. Enc. of Law.)

7. The statute should *not* be so construed as to show appellant has no right to appeal. (Sutherland on Statutory Construction, secs. 366, 369.)


ELI. H. BROWN FOR APPELLEES.

1. The Legislature is given the power by our present Constitution to change or modify the right of appeal, and the same power was given by the Constitution of 1850; and under this power the Legislature for over forty years restricted the right of appeal to this court in a large class of actions and denied the right of appeal in some, and regulated the right generally. (Constitution of Ky., Secs. 110, 125, 126 and 127; Constitution of 1850, Art. 4, sec. 18.)

2. The right of appeal in this State is purely statutory, our statutes having repealed the common law as to writs of error, and we must therefore look alone to the statutes for the jurisdiction of the Court of Appeals, and the manner of having it exercised over actions of which the Legislature has given it the power of review. (Amer Dic. of Law, 580.)

3. The exercise of the right by the courts to *establish towns* and refuse the petition to establish them, is not an attempt upon the part of the judicial department to usurp an exclusively legislative function. (Fletcher v. Peck, 6 Cranch, 87; Cooley's Con. Lim., 5 ed., 108; Works on Courts and Their Jurisdiction, sec. 29.)

4. Statutes similar to the one under consideration have been upheld in a great number of States. (See 15 Amer. & Eng. Enc. of Law, pp. 958 and 959, and authorities there cited.)


JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by the appellant from a judgment of the Daviess Circuit Court, establishing the town of Kenwood.

The only questions which we deem it necessary to determine are:  First, whether the circuit court can legally establish a town; second, has this court jurisdiction of an appeal from such a judgment of the circuit court?

Article 8, chapter 89 of the Kentucky Statutes, confers upon circuit courts the power under certain conditions to establish towns, and provides that no appeal shall lie from the judgment.  We think the power so conferred on the circuit courts is constitutional.

Section 126 of the Constitution provides that the jurisdiction of circuit courts should remain as then established by law, giving the Legislature power to change the same. The Constitution also prohibits local legislation, hence some department of government must of necessity be invested with power and authority to establish towns, and it seems to us that the circuit courts are proper tribunals to be invested with such power.

The act in question is not, in our judgment, at all in conflict with section 28 of the Constitution.  The power conferred is not legislative.  This court has appellate jurisdiction only, and section 110 of the Constitution provides that such jurisdiction shall be under such rules and regulations, not repugnant to the Constitution, as may from time to time be prescribed by law.

The act of the Legislature of the 10th of June, 1893, provided that no appeal to this court should be allowed from judgments in many cases enumerated in the act, and then provided that in all other civil cases appeals might be taken, but after the passage of this act the act of July 3, 1893, con-

ferring the jurisdiction on circuit courts to establish towns, was passed and appeals from judgments in such cases disallowed.

It has always been recognized as within the power of the Legislature to determine from what judgment appeals might be taken.

For the reasons indicated we are of opinion that this court has no jurisdiction of this appeal, and the same is dismissed.