CASE 40—INJUNCTION—JANUARY 17.

## Commonwealth v. Rose, Etc.

APPEAL FROM WHITLEY CIRCUIT COURT.

MUNICIPAL CORPORATIONS—ASSIGNMENT TO CLASS—CITIES OF SIXTH CLASS.—The city of Jellico, having been organized by a judgment of the Whitley Circuit Court in 1894, under section 3715 of the Kentucky Statutes, did not lose its organization by the failure of the Legislature, at its. ensuing session, to assign it to its proper class pursuant to section 156 of the Constitution.

R. S. CRAWFORD AND W. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLANT.

1. The corporate powers of the city of Jellico ceased when the Legislature adjourned in 1896 without assigning it to its proper class. Ky. Stat., secs. 3715, 3716; Con., secs. 156, 27.
2. The Attorney-General is the proper party to bring the action. Black's Const. Law, p. 373, secs. 131-138; Ky. Con., sec. 156; Jernigan v. City of Madisonville, 19 Ky. Law Rep., 1412; Town of E. Hartford v. Hartford Bridge Co., 10 How., 511-534; Barnes v. District of Columbia, 91 U. S., 540; Commissioners of Laramie county v. Comr. of Albany county, 92 U. S., 307.
3. Municipal charters are not contracts. Black's Con. Law, p. 375, and decisions cited in note 5.
4. The Legislature has delegated authority to determine two facts only—population and notice. Ky. Stat., sec. 3715.
5. Courts can not delegate powers to municipal corporations. **Con.**

of Ky., sec. 156; Black's Con. Law, pp. 81, 72, sec. 48, and authorities.

C. W. LESTER FOR APPELLEES.

The organization of Jellico did not cease upon the failure of the Legislature to act. A duty imposed upon the General Assembly by the Constitution is a continuing one. People, *ex rel.* Carter v. Rice, 135 N. Y., 474.

CRAWFORD & MOORE AND R. S. CRAWFORD FOR APPELLANT IN A PETITION FOR A REHEARING.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It is substantially alleged in the petition that for more than six months past W. C. Rose has, without warrant of law, assumed to execute and perform the duties, and accept and receive the fees and emoluments, of the office of police judge of the pretended town of Jellico, Ky.; that J. S. Bolton has in like manner assumed to perform the duties of town marshal of said pretended town; and that other named defendants are assuming in like manner to perform the duties of trustees of said pretended town; that in law the town of Jellico has no existence, and that defendants have no official authority at all, and that said offices of police judge, town marshal, and board of trustees do not exist; that no such town as the town of Jellico, Ky., has ever been assigned to a class by an act of the General Assembly of the Commonwealth of Kentucky, or been organized by judgment of the Whitley circuit court, the only court having jurisdiction so to do, since the adjournment of the General Assembly of the Commonwealth of Kentucky of its regular session of the year 1898. The petition further shows that the defendants are exercising and have exercised many other powers as officers aforesaid, and asks that the defendants be required to appear in court and show by what authority of law they are ex-

ercising the powers and privileges of said respective offices, and that all powers, privileges, grants, etc., exercised thereunder be declared void, and that defendants be perpetually restrained from exercising same, and that a writ of prohibition issue against them, and that they be prohibited from exercising any power or authority. By an amended petition, it is further alleged that the town of Jellico, Ky., was organized by a judgment of the Whitley circuit court at the regular term, 1894, of said court, and that said organization has never been assigned to any class by any act of the General Assembly, as required by section 156 of the Constitution; that the first session of the General Assembly of Kentucky, convened at the seat of government, at Frankfort, the first Monday in January, 1896; that no act was passed at said session assigning said organization to a class; that the defendants have assumed to officially act since the adjournment of the General Assembly of 1896, and are so continuing to act, without authority of law, claiming the right to do so under the order of said court organizing same as a sixth-class town; that said organization ceased to exist, under and by provision of section 156 of the Constitution, for want of assignment to a class,—which the plaintiff asked the court to adjudge, etc. A demurrer was sustained to the petition as amended, and the Commonwealth has appealed.

The question presented for consideration is whether the failure of the Legislature to assign said town of Jellico, as required by section 156 of the Constitution has the effect of dissolving the organization, or, in other words, to render null and void the judgment of the Whitley circuit court establishing said town.

It is true that section 156 of the Constitution requires that the cities and towns of this Commonwealth, for

the purpose of their organization and government, shall be divided into six classes; that the organization and powers of each class shall be defined and provided for by general laws, so that all municipal corporations of the same class shall possess the same powers and be subject to the same restrictions. It is further provided in the Constitution what population shall constitute a city of the first class, and so on, concluding with the statement that all towns with a population of less than 1,000 shall belong to towns of the sixth class. It is also provided in said section that the General Assembly shall assign the cities and towns of the Commonwealth to the class to which they respectively belong, and change the assignment so made as the population of said cities and towns may increase or decrease, and, in the absence of other satisfactory information as to the population, shall be governed by the last preceding federal census in so doing.

The act of July 3, 1893 (sections 3713-3715, incl., Ky. Stat.), authorizes the circuit courts of the several counties to establish or organize towns. Section 3716, Kentucky Statutes provides that such towns shall belong to cities of the sixth class until the same has been assigned by the General Assembly to such class as it belongs, and that the provisions of the general laws relating to the towns of the sixth class shall apply to and be in full force and effect in said towns until such assignment is made.

In Morton v. Woodford, 18 Ky. L. R., 271; [35 S. W. 1112], it was held that the act authorizing circuit courts to establish towns was constitutional. It therefore follows that the Whitley circuit court had authority to establish the town of Jellico, and that when it was so established it became a town or a

city of the sixth class; and by the provisions of the Constitution, as well as the statute, it must so remain until it is assigned by the General Assembly, as provided in section 156 of the Constitution. But it is argued in this case that, inasmuch as the Constitution required the assignment to be made at the first session of the General Assembly after the organization of said town or city, unless the assignment is so made the organization ceased to be a town; or in other words, that the judgment of the circuit court establishing the town becomes null and void. We do not think that the contention of appellant is tenable. It would seem strange, indeed, that the mere failure upon the part of the General Assembly to assign a town to the class to which it belongs, although required to do so by the Constitution, can have the effect to abolish the town, and nullify the judgment of the circuit court legally and constitutionally rendered. It nowhere appears in this case that the failure of the General Assembly to assign the town of Jellico to the class to which it properly belongs is or was the fault of the said town; and it would seem inequitable to hold that the failure of the General Assembly to discharge its constitutional duty should operate to the disadvantage of these appellees, as well as the other citizens of the town of Jellico.

It seems, therefore, that the town of Jellico is, in fact and in law, at present a town of the sixth class, and entitled to exercise the rights and privileges by law given to towns of the sixth class; and that appellees are entitled, so far as this record shows, to exercise the duties, and receive the fees and emoluments, of the several offices which it appears they now hold and enjoy. Judgment affirmed.