## Boone County v. Town of Verona, et al.

(Decided February 8, 1921.)

### Appeal from Boone Circuit Court.

1. Municipal Corporations—Creation, Alteration and Dissolution.— The power to create, enlarge or dissolve a municipal corporation belongs exclusively to the legislative department of the government and cannot be exercised by the judiciary, nor can the legislature delegate such a function to the judiciary.

2. Municipal Corporations—Dissolution of Municipal Corporations.— The General Assembly may enact a general law for the dissolution of municipal corporations of the sixth class, and provide that it take effect upon a town of the class, when a number of its inhabitants shall accept its application, without unconstitutionally delegating the power to legislate.

3. Constitutional Law—Application of Statute—Delegation of Authority.—When the legislature enacts a statute, which is to take effect upon the happening of an event, or the existence of certain facts, it may authorize a court to ascertain the event or the existence of the facts, upon the existence of which the statute has application, and it will not thereby delegate to the court a legislative function.

B. H. RILEY for appellant.

JOHN L. VEST for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

Verona is a municipal corporation of the sixth class. In pursuance to and in accordance with the provisions of section 3662a, Ky. Stats., a majority of the legal voters of the corporation petitioned the circuit court to annul

and dissolve its charter, and the notice of the filing of the petition was given as required by the statute, *supra.* There is no contention made but what the proceedings were regular and in accordance with the requirements of the statute. The facts averred in the petition as the cause of the desire of a majority of the voters to dissolve the corporation and annul its charter, was that the corporation had ceased to function for several years, and had no board of trustees, nor other officers. The court rendered a judgment in accordance with the prayer of the petition annulling the charter and dissolving the corporation, and adjudged that all of its franchises and powers be discontinued. The only source from which the court could derive authority for its action is to be found in the provisions of the statute, section 3662a, *supra,* as in this state the courts have no inherent authority to dissolve a municipal corporation. Section 3662a is as follows:

"1. A majority of the voters residing in an incorporated town of the sixth class may file a petition asking that its charter be dissolved and annulled.

"2. Whenever a petition signed by a majority of the persons entitled to vote living within the boundary of the proposed town is filed in the circuit court clerk's office of the county in which a greater part of the town is located, not less than twenty days before the commencement of the next regular term of said court, the petitioners shall cause notice of the filing of such petition and the object thereof to be published in two issues of some newspaper of general circulation published in the county; or, if none, by notices posted up for at least ten days before the commencement of the term. One at the court house door and the others at public places within the boundary of the proposed town.

"The petition shall set out the metes and bounds of the towns, and the number of voters and inhabitants resident within the boundary thereof, and such other facts as may be thought proper.

"3. A defense may be made to the petition by any voter of the town, and if a defense is made, the court shall hear and determine the same and may render judgment dissolving and annulling the charter.

"The pleadings and practice, except as herein provided, shall be the same as in equity cases; an appeal shall be from the judgment, provided the record is filed in the clerk's office of the court of appeals twenty days

prior to the second term of the Court of Appeals after the rendition of the judgment."

The contention is made for the appellant that the foregoing act of the General Assembly is void, because in violation of certain provisions of the Constitution. A very well settled principle, which has been continuously adhered to, is, that the General Assembly has the authority to enact any legislation, which is not prohibited by some provision of the Constitution of the state, or of the United States, and in this respect a difference arises between the powers of the General Assembly of the state and the powers of the Congress of the United States. The powers of the latter in legislation are confined to such things as it is authorized, by the provisions of the Constitution of the United States, to do. Cooley 7 ed. p. 241; Griswald v. Hepburn, 2 Duv. 20; Rhea, treasurer, v. Newman, 153 Ky. 604; L. & N. R. R. Co. v. Herndon, 126 Ky. 589; Banks v. Commonwealth, 145 Ky. 800. While there is no express warrant in the Constitution of the state for the enactment of the legislation contained in the act, *supra,* such warrant is in no wise essential to its validity, and hence if the General Assembly is not prohibited from enacting the legislation by a constitutional provision, it was wholly within its power to do so. Of course, it must be conceded, that if the General Assembly undertakes to make an enactment, which the Constitution prohibits, its action is stillborn and is without force or effect, and neither invests nor divests any one with or of either rights or powers.

There is no inhibition in the Constitution upon the power of the General Assembly to enact the act, *supra,* unless it is found in sections 27 and 28 of that instrument. Section 27 is as follows:

"The powers of the government of the Commonwealth of Kentucky shall be divided into three distinct departments, and each of them be confined to a separate body of magistracy, to wit: Those, which are legislative, to one; those which are executive, to another; and those which are judicial, to another."

Section 28, *supra,* is as follows:

"No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

It is insisted that the act under consideration undertakes to invest the judiciary with powers, and to impose

upon it duties, which are exclusively legislative in character, and that such action is prohibited by section 28 of the Constitution, *supra,* which expressly prohibits a judicial officer from exercising a power which properly belongs to the magistracy, which compose the legislative department, unless the legislation which attempts to authorize the exercise of the power in the language of the section, *supra,* is "expressly directed or permitted" by the Constitution. There being no provision of the Constitution which expressly directs or permits the courts to annul or dissolve the charters of municipal corporations, nor authorize the legislative department to empower the courts so to do, it is contended that the General Assembly was without power to delegate such authority to the judiciary, or its officers. Of the correctness of this contention, as a general rule, there can be no doubt, if the act of the legislature does in fact attempt to delegate a power, properly belonging to the legislative department, to the judicial, and undertakes to empower the judge of the circuit court to exercise it, for it necessarily follows that if the courts, and their officers, are prohibited from exercising a legislative function, the legislature is without authority to delegate such power to them. The General Assembly may authorize the courts to exercise judicial functions, but it is without authority to authorize the courts to exercise a legislative function, except in the instances wherein the Constitution "expressly directs or permits" it. Neither is there the least doubt, but what the creation and enlargement, and also the dissolution of municipal corporations are exclusively legislative functions, and may be exercised alone by the legislative department of the government. 19 R. C. L. 705; 12 C. J. 856; 28 Cyc. 250; Hill v. Anderson, 28 K. L. R. 1032; Boyd v. Chambers, 78 Ky. 140; Norris v. Waco, 57 Tex. 635; Wade v. Richmond, 18 Gratt. 583; Weeks v. Milwaukee, 10 Wis. 243; Powers v. Wood, 8 Ohio St. 285. Indeed there is no authority which advances a contrary view, that is, when applied to the real acts, which constitute the creation, enlargement or dissolution of a municipal corporation. The power to create municipal corporations, which are sub-divisions of the state, for the purposes of government, is held everywhere to be political in its character, and necessarily exercisable by the legislative department alone, and the dissolution of a municipal corporation is no less the exercise of a political power and must be exercised by the legislative depart-

ment of the government, and is not a matter of judicial cognizance. This general statement of principle does not conflict with the courts' authority, at the suit of the attorney general, by the direction of the legislature, to vacate the charter of a municipal corporation, as provided for by section 482 of the Civil Code. The municipal corporations there referred to are such as have essential defects in their organizations, and are not corporations *de jure,* but mere *de facto* corporations and assuming to exercise powers and franchises to which they have no right, and the questions the courts are called upon to decide and to adjudge, are whether or not the corporations are or are not real corporations, according to the laws upon which their organizations depend, and therefore the functions exercised by the courts in such cases are judicial in character, because the existence of a *de jure* municipal corporation is invulnerable to any assaults which may be made upon it in the courts. Vanover v. Dunlap, 172 Ky. 679.

There being no express direction or permission in the Constitution for the courts to exercise the power to dissolve a *de jure* municipal corporation, it seems clear that the legislature is without authority to delegate such a legislative function to the courts, and hence, the question in the instant case, to be determined, is whether the act of the General Assembly under consideration, has the effect of delegating to the circuit court the legislative function of dissolving a municipal corporation, or empowering the court with authority to determine the necessity or propriety for such a dissolution, or is the duty which the court is authorized to perform a judicial function, and thus within the legislative authority to bestow? Municipal corporations have been usually dissolved by direct legislative action—by special enactments repealing their charters, or by acts repealing the general law, under which they were organized—and hence, there has been but scant consideration of the question here presented, which grows out of the general law under which they may be dissolved. The Constitution makers provided in section 156 of that instrument, that the legislature should enact a general law for the organization of municipal corporations, but made no provision of any kind for their dissolution, being under the belief perhaps that the disestablishment of a town would never be desirable. It should be noted that the provision of the Constitution, *supra,* did not "expressly direct or permit" that the gen-

eral law for the organization of municipal corporations should require the approval of the circuit court before one should be organized, and hence, it was within the power of the legislature, while complying with the constitutional provisions, to have required a reference of the acts necessary, under the general law, to a non-judicial officer or tribunal, but the act, which is sections 3713 to 3716, inclusive, Ky. Stats., provided for the filing of a petition signed by at least two-thirds of the voters, who lived within the boundary designated for the corporation, and for due publication of such facts as provided for by section 3714, *supra,* and then provided that if no defense was made, the court should enter a judgment establishing the town. Defense might be made by any inhabitant of the proposed town, which the court should hear and determine, and render a judgment establishing the town or refusing to establish it "as may seem proper." It was, however, provided by the act, that, if the court should be satisfied that the required population existed within the designated boundary, and the required notice of the proceeding had been given, it was without discretion in the matter and should direct the establishment of the town. Whatever might be thought of the validity of this statute, if considered in a case of first impression, the act was expressly upheld when its validity was assailed in Morton v. Woodford, 99 Ky. 367, and referred to with approval in the later case of Commonwealth v. Rose, 105 Ky. 326. Since the enactment of that statute and the decisions of the courts, above referred to, many towns of the sixth class have been organized throughout the state, relying upon the validity of the statute, and it is now too late to disturb the effect of those decisions. No reasons were assigned in either of the opinions for the conclusions arrived at, but clearly the statute could be held as valid, upon no theory, except that the act granted a charter of incorporation and created a municipal corporation in any locality throughout the Commonwealth when two-thirds of the voters, within the locality, accepted the provisions of the statute or else the legislative authority was delegated to two-thirds of the voters in the locality, to create a municipal corporation, in the nature of the familiar authority given to the voters to create school districts and to impose taxes and to do many other things, which are permitted by the laws enacted by the legislature, and that the statute which was solely the act of the legislative department created

the corporation when the requisite number of voters had complied with its requirements, and that the acts of the court in determining that the requisite boundary was described and contained the required number of inhabitants, and that the required publication had been made, were not legislative in character, and that these acts if judicial were not what created the corporation, but, that the act of the Assembly had created it, when certain required events occurred, which constituted the acceptance by the voters of the terms and conditions, under which the corporation was created. It should, also, be observed that the terms of the act denied to the court the power to determine the political questions which would arise from a consideration of the propriety or necessity of establishing, or refusing to establish, the corporation. In the charters of the .cities of the several classes, legislation is included for making annexations to the boundaries of cities, and striking territory therefrom, and these statutes have been held to be valid and not in derogation of any constitutional provision, because the act, of annexation or striking from the boundary, is actually made by the councils of the cities, to whom the legislative authority has been delegated, although in these statutes the courts are authorized to pass upon the sufficiency of the reasons for the annexation or striking from the boundary, as well as to determine whether the municipal authorities have complied with the statutory requirements in the proceedings. Carrithers v. Shelbyville, 126 Ky. 769; Lewis v. Brandenburg, 105 Ky. 21. In other jurisdictions a similar view has been entertained of similar statutes. Henrico v. Richmond,106 Va. 282; Emporia v. Randolph, 56 Kans. 117; Eskridge v. Emporia, 63 Kans. 368; Cullen v. Junction City, 43 Kans. 627; Forsythe v. Hammond, 30 L. R. A. 582; 68 Fed. 774; Grusmeyer v. Logansport, 76 Ind. 549; Burlington v. Leebuck, 43 Iowa, 252. In the latter case, the court said: "It is the law itself which fixes the conditions of annexation and the office of the court is to determine whether the conditions so prescribed by the law have been complied with, and the functions performed by the court are judicial."

Reference is made herein to the construction placed by the courts upon the statutes which are general laws for the creation and enlargement of municipal corporations, for such light as they shed by analogy upon the construction to be placed upon the statute under consid-

eration, which is a general law for the dissolution of municipal corporations of the sixth class.

It has been held in this jurisdiction and in others, that the legislature may grant a charter to a municipal corporation, not to go into effect until accepted by a majority or some other number of its inhabitants, and under sections 3713 to 3716, inclusive, *supra*, a charter is granted for the organization of a town when two-thirds of the voters, in a designated area, shall accept it by filing their petition and giving certain publication required by the statute. These statutes, and similar ones, have been upheld as not amounting to the unconstitutional delegation of legislative authority. Carrithers v. Shelbyville, *supra;* Morton v. Woodford, *supra;* Cooley's Constitutional Limitations, chap. 5, p. 143, and cases cited in the note thereto. If a charter may be granted upon its acceptance by the voters in a locality and that does not amount to an unjustifiable delegation of legislative authority, why may not the legislature dissolve a municipal corporation by a legislative act conditioned upon the dissolution being accepted by a majority of the voters of the town? We think it may do so. 28 Cyc. 252. Cooley says: "A statute may be conditional and its taking effect may be made to depend upon a subsequent event." When the event transpires, the statute takes effect and the fact that the event was the judicial finding of the existence of the events upon which the statute should take effect, would not prevent the result of the statute being a legislative act.

As said in Clarke v. Rogers, 81 Ky. 43, "The legislature cannot delegate its powers to make laws, but when enacted, whether or not the law shall become operative may be made to depend upon the popular will." The condition upon which such a law takes effect is that the people of the locality to be affected, accept it, but, such act of acceptance is not necessarily an exercise of legislative power. Under our system, which is required by subsection 29, of section 59, of the Constitution, that no special act of the legislature shall be enacted, when a general law upon the subject is available, there must be created in the general act, some method of ascertaining when the law is accepted, which will give force and permanency and publicity to the act of acceptance. Whether this section of the Constitution has application to the dissolution of municipal corporations is unnecessary to be decided, but there can be no question, but what the

legislature has authority to enact a general law upon the subject, provided it does not delegate to the executive or judicial departments of the government, the power to dissolve the corporation. If the legislature may create or dissolve a municipal corporation, dependent upon the will of a majority or two-thirds of the legal voters of it, to be ascertained by an election, why may it not make the dissolution dependent upon the will of a majority or two-thirds of the inhabitants when ascertained in some way, other than an election—that is, when the fact is ascertained by the judgment of a court, Probably no other tribunal is so well able to ascertain the existence of the facts, upon which the effect of the statute is conditioned. In the general laws providing for annexations and striking from the boundaries of towns and cities, as will be observed, the legislature has delegated the legislative power to make the annexations or reductions, to the city councils, but, their ordinances upon the subject are made to depend upon the judgment of the circuit court, as to the existence of certain facts and conditions, and these facts and conditions must exist before the ordinances take effect. It is not apparent, that the principle there involved is any different from that in the instant case, where the act is conditioned to become effective, when the court shall adjudge, that a majority of the voters of the town have accepted the terms of the act, by the proceedings required by it. In view of the fact, that a court is wholly without authority to dissolve a municipal corporation and such authority can not be conferred upon it by the legislature, it is apparent that the effective power, which dissolves a corporation, under the statute under consideration, is the legislature and not the court, and while the acts of the court are judicial, they do not effect the dissolution sought, except to the extent that the facts are found to exist, upon which the legislative action takes effect. Neither can the contention, that the judgment of the court annulling a charter and dissolving a municipal corporation upon a finding of the facts to exist, which dissolve it under the law, is legislative in its character, be reconciled with the adjudication, that the judgment of the court establishing a town, as the result of the existence of the facts, which under the law incorporates it, is not legislative in its character, and the acts, if judicial are not the power which created the corporation. In the complex conditions of our society many governmental agencies are necessary, and often the line,

between the executive, legislative or judicial powers entrusted to them and the powers of another department, is so shadowy, that it is scarcely distinguishable, and it is not our duty to declare an act of the legislature unconstitutional, unless there is no solid ground upon which to adjudge it otherwise.

The reason assigned by the citizens of Verona for desiring the disestablishment of their town is immaterial, and we can not presume, that such suggestions influenced the finding of the court, as the doctrine is well established, that a municipal corporation is not dissolved, because of non use of its corporate franchise, but, can only surrender its corporate existence with the consent of the legislature.   Hill v. Anderson, *supra*.

Applying the foregoing doctrines by analogy, to the instant case, the statute under consideration, dissolved every municipal corporation of the sixth class, when a majority of the voters therein, accept the effect of the statute, by signing a petition, expressing a desire that the statute take effect upon their town, describing it by metes and bounds, and stating the number of voters and inhabitants therein; file same in the clerk's office of the circuit court, and give publication of the fact and its purpose as required by the statute.   Any voter of the town may defend the action, but, the only defenses available to him would be that a majority of the voters were not subscribers to the petition, or the petitioners had not complied with the statute in its preparation or publication. The issues upon those facts would be the only questions for adjudication.   The duty of the court would be only to ascertain that the facts existed, upon which the legislature conditioned, that the act should apply to that town. If the facts exist, the court so adjudges.   The acts of the court would seem to be judicial, but its judgment is the condition upon which the taking effect of the legislative act was predicated.   The court does not adjudicate upon the necessity or political propriety of dissolving the corporation and hence does not exert any legislative power or function.   It merely finds the facts to exist which show that the statute applies, and has taken effect, and the act of dissolution is in fact the act of the legislature. The act under consideration is not therefore in derogation of the Constitution and the judgment is affirmed.

All the members of the court sitting.