## Lawson et al. v. Blanton et al.

(Decided Oct. 14, 1932.)

H. C. CLAY and J. B. WALL for appellants.

J. G. FORESTER and E. H. JOHNSON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

J. L. Lawson et al. (hereinafter called defendants) have appealed from a judgment, rendered April 17, 1931, annulling the incorporation of the city of Wallins.

Grover Blanton et al (hereinafter called plaintiffs) began this proceeding under section 3662a-1 et seq., Ky. Stats., on July 30, 1929, by filing in the office of the clerk of the circuit court the petition of 259 alleged voters, residing in Wallins, asking the court to dissolve and annul the incorporation of that city. This petition contained a description of the boundaries of Wallins, a map of the city was filed as an exhibit, and the allegation was made that Wallins contained only 719 inhabitants, of whom but 355 were voters.

On March 30, 1930, plaintiffs filed an amended petition signed by 117 alleged voters, on October 21, 1930, a second amendment signed by 81 others, and on January 14, 1931, they filed with one of their replies a petition signed by 262 others, thus making a total of 719 alleged voters, who are seeking to reduce Wallins to the status of an unincorporated village. At first blush it seems strange that out of a voting population of 355 as shown by the census there could be obtained the signatures of 719 voters; hence we shall endeavor to briefly account for this apparent impossibility. There are several explanations. First we are by no means sure that the census return of 355 voters in this municipality is correct; second, people were moving in and out all the time; third, a great many of these signatures are duplications, and finally many of them are not voters. The defendants were quite active, and, as soon as plaintiffs would file one of their petitions, the defendants would begin the circulation among those signers of another paper and get it signed in which the signers asked that their names be withdrawn from the paper asking for dissolution and that they be counted as favoring the continuance of the incorporated status of Wallins.

This was quite extensively done, so much so, that in his deposition taken on January 29, 1931, on his cross-examination Grover Blanton was forced to admit that of the 259 original petitioners there remained 30 only; that of the 117 there remained only 25, and of the 81 there were but 19 left.

Many of those who signed these various papers were not legal voters, and, when the names of such

illegal voters and the names of people who have withdrawn their names are stricken, the plaintiffs' petitions are left in this condition: Out of the 259 they have 6 left; out of the 119, there are 7 left, and only 8 remain out of the 81. Some people signed every paper presented to them, many of them signed more than one, so, in an effort to bring some order out of this confusion, the trial court referred the matter to a commissioner, with direction to prepare an alphabetical list of those petitioning either for or against the dissolution of the incorporated status of the village. The commissioner prepared two lists. List "C" contained 396 names favoring dissolution. List "Y" contained 263 names favoring the continuance of the then existing status. Many of those signing these papers were not legal voters, and the trial court struck enough names from the plaintiff's list "C" to reduce it to 282 names and struck from the defendants list "Y" enough names to reduce it to 207. On this appeal the defendants are insisting that yet other names should have been stricken from list "C," and we find they are correct, and we have prepared and left with the papers in this case an alphabetical list (App. 1) containing 59 names that should be stricken, and following each name we have given the pages of the record where the evidence may be found supporting the exclusion of these names. Thus the status of these lists is left as follows:

List "C" favoring dissolution 223

List "Y" opposing dissolution 207

We are sure 223 is the correct number of plaintiffs' legal petitioners, for, as we have already stated, Mr. Blanton testified that the first three lists filed by plaintiffs had been quite materially reduced by withdrawals, and we have found that, after striking the legal signers therefrom, there was left, on them, 6, 7, and 8, respectively, or a total of 21 only. Plaintiffs had a fourth list containing 262 names from which Mr. Blanton was forced to admit 60 had withdrawn, thus leaving but 202 thereon, and, adding that 202 to the 21 above, we get the total of 223 the same as we found above.

It would appear from this the court acted correctly in dissolving the incorporation of Wallins, but for one thing, of which every one seems to have lost sight. This is not a controversy between Grover Blanton et al. and J. L. Lawson et al. It is an effort on the part of

Grover Blanton et al, to destroy the then existing status of Wallins as an incorporated city. To succeed, plaintiffs must show how many voters reside in Wallins and that a majority of them favor the reduction of Wallins to the status of an unincorporated village.

The two lists "C" and "Y" containing names of 223 and 207, respectively, of the voters of Wallins have been subjected to very close scrutiny, and we feel they are correct, and adding them we find there are 430 voters in Wallins, but we find there are other voters in Wallins who have signed neither of these petitions. The defendants allege there are 116 such voters; this the plaintiffs deny. To enable us to see if such be the case, we have prepared and left with the papers an alphabetical list (App. 2) which shows all those shown by the census to be more than 21 years of age, and of these it appears that 71 (see list App. 3) have signed neither petition. We also find that 21 names which appeared upon the first two lists, verified and filed by the plaintiffs, now appear on neither list "C" or list "Y," and we have made a list of these (App. 4) and left it in the papers.

We find the total number of voters in Wallins as shown by this record to be as follows:

| | |
|---|---|
| Those remaining on list "C" | 223 |
| Those remaining on list "Y" | 207 |
| Those on list App. 3 | 71 |
| Those on list App. 4 | 21 |
| Total | 522 |

In order to have a majority of these voters, the plaintiffs would have to have 262 valid petitioners. They lack 39 of having the required number; therefore the court erred in entering judgment as prayed by the plaintiffs.

Some legislator can render a distinct public service by so amending this statute that upon the filing of a petition the court should order an election to take the sense of the voters upon whether or not the incorporated status of cities should be annulled.

Judgment reversed, with directions to dismiss the plaintiffs' petition.