## Green, Police Judge, et al. v. Davis et al.

(Decided Nov. 21, 1933.)

FRED HOWES for appellants.

A. J. KIRK & SON and F. P. BLAIR for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

This is an appeal from a judgment of the Johnson circuit court dissolving and annulling the municipal charter of West Van Lear, a city of the sixth class. An action looking to the dissolution of the charter of the municipality was first instituted in October, 1924, but that action was dismissed upon motion of the petitioners, and the present action was instituted in October, 1927, when Clarence Davis and a number of other citizens of and legal voters within the corporate limits of the municipality filed their petition in the Johnson circuit court. The petition as amended after demurrer had been sustained set out the boundary of the city, and alleged that more than 250 persons resided therein, 125 of whom were legal voters in the city; that 73 of such voters which constituted a majority had signed the petition for a dissolution of the charter. It was further alleged that the corporate existence of the town was burdensome from the standpoint of taxation, and was of no advantage to the citizens thereof.

J. M. Green, police judge of the city, and a number of other residents and voters therein, filed answer controverting the allegations of the petition, and as a further defense set up various alleged reasons why the charter should not be dissolved. They alleged that a number of persons whose names appeared on the petition were not legal voters of the town, that a number of other names were forged to the petition, and that a number of others who had signed the petition had later moved away and were no longer residents of the city. Thereafter a number of petitions, answers, demurrers, and other pleadings were filed.

In July, 1930, the court sustained a motion to refer the cause to the master commissioner to hear proof and report (1) as to the total number of legal voters residing and living within the corporate limits of the city; (2) the number of such legal voters who desired a dissolution of the charter; and (3) the number opposed to such dissolution. The last sitting of the commissioner to hear evidence was held in June, 1931, when both parties announced that they had no further evidence to offer. On November 11, 1931, the master commissioner tendered

and offered to file his report, which was later ordered filed. In the meantime, however, the petitioners had tendered and offered to file certain amended and supplemental petitions setting up changes in the voting population occasioned by death, removals, persons attaining their majority, etc. The commissioner found that there were 150 legal voters in the city, and of that number 71 whose names were set out had signed a petition for dissolution of the municipal charter, and that there were 74 legal voters who were opposed to a dissolution of the charter; that there were 5 legal voters who at one time had signed a petition for dissolution, but had since withdrawn their names and asked that they be considered neutral; that 3 names had been stricken from the list of legal voters submitted by both sides on the ground that they were nonresidents of the city.

Defendants entered a motion that the report be confirmed and that their objections to the filing of an amended and supplemental petition offered after the last sitting of the commissioner to hear proof be sustained on the ground that the parties on that date through their attorneys, in the presence of the master commissioner and the stenographer of the court reporting the testimony, definitely and finally agreed that no further steps should be taken in the way of taking testimony or filing additional pleadings, but that the cause would be submitted on the record as made, including proof taken on that day. They filed the affidavits of the master commissioner, the court reporter, and a number of other persons to the effect that such agreement was made. Plaintiffs filed the affidavits of a number of persons controverting the affidavits filed by defendants, and stating that they made no such agreement. Plaintiffs filed 16 exceptions to the report of the commissioner, all of which were overruled and the commissioner's report sustained in its entirety except exception No. 11, which called in question the withdrawal of the name of Mrs. R. L. Mays as a petitioner seeking the dissolution of the charter, the court holding that she did not withdraw her name. However, the court reserved the right to disregard the finding of the commissioner to the extent of any changes occurring after the date of his last sitting to hear evidence.

The amended and supplemental petitions were permitted to be filed, and the court ordered the case held open for the purpose of taking oral testimony in open

court, to which defendants objected and excepted. The court heard a number of witnesses relative to changes in the voting population occurring after the last evidence was taken by the commissioner, but, while the defendants controverted the allegations of the amended and supplemental petitions, they refused to participate in the further hearing because of the alleged agreement to submit on the record made at the close of the hearing by the commissioner, when both sides announced that they had no further evidence to offer.

On final hearing the chancellor found there were 144 voters residing within the corporate limits of the city, that 76 of that number signed a petition expressing a desire to have the municipal charter annulled and adjudged that plaintiffs were entitled to the relief sought. Defendants have appealed.

It is argued by counsel that the court erred in permitting appellees to repudiate the alleged agreement to submit the cause on the record as made at the close of the hearing of evidence before the commissioner. There would be real merit in this contention, if it had been made to appear beyond question that such an agreement was, in fact, entered into. Defendants denied that such an agreement was made, and filed affidavits supporting their position. In view of the conflicting evidence with respect to the agreement made at the close of the evidence heard before the commissioner, it is apparent that the court did not err in this particular.

It is further urged that the lower court erred in withdrawing the cause from the master commissioner and in permitting the introduction of oral testimony in open court. The case of Ellingsworth et al. v. Shacklette, 201 Ky. 246, 256 S. W. 395, was an action to dissolve the charter of Jeffersontown, a city of the sixth class. The cause was referred to the master commissioner to ascertain and report the names and legal voters residing in the city on December 7, 1920, and to report the names and number of voters who had signed petitions requesting such dissolution. The commissioner filed his report in conformity with the order, and found that a majority had signed the petition for dissolution. Exceptions were filed to the report, and persons opposing the dissolution were permitted to file an amended answer setting up changes occasioned by death, withdrawals, removals, etc., and newcomers were per-

mitted to file an intervening petition opposing the dissolution. The petitioners opposed the filing of such pleadings, and entered demurrers and motions to strike, all of which were overruled, and, the petitioners declining to further plead, the petition was dismissed. On appeal it was held in effect that it was proper for the court to permit additional pleadings showing changes in the population, etc., to be filed and to give reasonable opportunity to the parties to introduce proof to the end that the judgment might represent the choice of a majority of the voters of the city.

It is insisted by appellants that, even though amended pleadings may be filed and proof heard, such proof in this instance should have been taken by deposition, and in support of this contention subsection 2 of section 552 of the Civil Code of Practice is cited. The latter part of that Code provision reads:

"And provided, further, that the court may in any equitable action before the proof has [been] taken order that the evidence be heard by the judge in the same manner as testimony is introduced in ordinary actions. * * *"

Counsel maintain that, since proof had already been taken by deposition, the taking of oral proof on the further hearing in the absence of agreement by parties is prohibited by the quoted provision of the Code.

Whether the further hearing be treated as upon exception to the commissioner's report or upon showing of changes made since the report was filed, it is manifest that the Code provision invoked has no application. If it be treated as a hearing on the exception, unquestionably the court was authorized to hear oral testimony, and, if it was a hearing upon additional grounds set forth in amended pleadings, the court ordered that the hearing be on oral evidence before any proof was taken.

It is finally urged that the chancellor is invested with a judicial discretion to grant or refuse the annullment and erred in rendering the judgment for dissolution.

In the case of Boone County v. Town of Verona et al., 190 Ky. 430, 227 S. W. 804, the constitutionality of sections 3662a-1 to 3662a-3, inclusive, Kentucky Stat-

utes, providing for the dissolution of charters of towns of the sixth class, and prescribing the method of procedure therefor, was upheld.

In that action a majority of the legal voters of the town had petitioned the court to annul and dissolve its charter in a proceeding conforming to the requirements of the statute. This court in affirming the judgment granting the relief sought in the petition, after an exhaustive review of authorities, held, in effect, that, when a petition conforming to the requirements of the statute is filed in the circuit court, any voter of the town may defend the action, but his only available defenses would be that a majority of the voters were not subscribers to the petition, or that publication of notice had not been made as required by statute; that the court should not adjudicate upon the advantages, disadvantages, necessity, or political propriety of dissolving the charter, but should only determine the issues above indicated and enter judgment accordingly.

Applying the doctrine announced in the foregoing cases, the chancellor had no discretion except to enter judgment in conformity with the expressed will of the majority of the voters on the proposed dissolution and annulment of the charter. Therefore the only question remaining is whether the chancellor's finding that a majority favored a dissolution of the charter is sustained by the record.

In sustaining the exception to the commissioner's report respecting Mrs. Mays, the chancellor apparently overlooked a stipulation that, if called as a witness, her evidence would be the same as that of her husband, and thus inadvertently fell into error; however, that is a matter of no consequence, since a contrary holding would not affect the general result.

As to the greater number of persons mentioned in the amended and supplemental pleadings, the evidence heard before the chancellor amply sustains his findings. As to the others, it was so vague and indefinite as to leave the mind in doubt. Upon a consideration of all the evidence heard in open court, it cannot be said with any reasonable assurance of certainty that the chancellor erred in any of his findings as to changes occurring after the last hearing held by the commissioner. Where the chancellor's finding on questions of fact is in accord with the weight of the evidence, or where, on a con-

sideration of all the evidence, the mind is left in doubt as to the correctness of the judgment, it should not be disturbed. Lewis v. Williams, 192 Ky. 763, 234 S. W. 317; Williams v. Harvey, 192 Ky. 684, 234 S. W. 315; Hardaway v. Webb, 172 Ky. 589, 190 S. W. 1071; Briscoe v. Briscoe, 225 Ky. 804, 10 S. W. (2d) 294.

Appellees make question in brief concerning the commissioner's report with regard to some of the petitioners; however, they filed no exceptions to the report, but asked that it be confirmed. In such circumstances they are not in position to raise the question on appeal.

Judgment affirmed.