## CITY OF PITTSBURG, Kentucky, et al., Appellants,

### v.

## Herman FIECHTER et al., Appellees.

Court of Appeals of Kentucky.

April 22, 1977.

Joe T. Roberts, Luker, Luker & Roberts, London, for appellants.

Robert E. Cato, London, for appellees.

Before MARTIN, C. J., and WINTER-SHEIMER and WILHOIT, JJ.

MARTIN, Chief Judge.

This is an appeal from the Laurel Circuit Court directing the dissolution of the sixth class City of Pittsburg. Some two hundred and two registered voters, a majority, petitioned the circuit court for the dissolution as provided in KRS 88.020. The circuit court conducted lengthy hearings and heard evidence from approximately two hundred witnesses before filing his detailed "Opinion and Judgment" granting the request. We affirm.

The statute provides the procedure for dissolution of a sixth class city as follows:

(1) A majority of the voters residing in a city of the sixth class may petition the circuit court of the county in which a greater part of the city is located asking that its charter be dissolved.

(2) The petition shall be signed by each petitioner, and filed in the office of the circuit court clerk not less than twenty (20) days before the commencement of the next regular term of court. The petitioners shall cause notice of the filing of the petition and the object thereof to be published pursuant to KRS chapter 424. The petition shall set out the metes and bounds of the city, the number of voters and inhabitants residing within the boundaries, and any other facts thought proper.

(3) Defense may be made to the petition by any voter of the town, and if a defense is made the court shall hear and determine the same and may render judgment dissolving and annulling the charter. The pleadings and practice, except as herein provided, shall be the same as in equity case; and appeal shall lie from the judgment as in other civil actions.

(4) Whenever the charter of any town is dissolved in the manner hereinabove provided, the judgment shall direct the clerk of the circuit court wherein such judgment is rendered, to certify a copy of said judgment not later than ten (10) days thereafter to the secretary of state whose duty it shall be to properly index

and file the same as a permanent record in his office.

This statute has been upheld and followed in *Boone County v. Verona*, 190 Ky. 430, 227 S.W. 804 (1921), and *Green v. Davis*, 253 Ky. 105, 68 S.W.2d 750 (1933), the court in *Green* holding at page 110, 68 S.W.2d at page 752.

In that action a majority of the legal voters of the town had petitioned the court to annul and dissolve its charter in a proceeding conforming to the requirements of the statute. This court in affirming the judgment granting the relief sought in the petition, after an exhaustive review of authorities, held, in effect, that, when a petition conforming to the requirements of the statute is filed in the circuit court, any voter of the town may defend the action, but his only available defenses would be that a majority of the voters were not subscribers to the petition, or that publication of notice had not been made as required by statute; that the court should not adjudicate upon the advantages, disadvantages, necessity, or political propriety of dissolving the charter, but should only determine the issues above indicated and enter judgment accordingly.

. . . . .

[T]he chancellor had no discretion except to enter judgment in conformity with the expressed will of the majority of the voters on the proposed dissolution and annulment of the charter. Therefore the only question remaining is whether the chancellor's finding that a majority favored a dissolution of the charter is sustained by the record.

The present record clearly supports the conclusion of the trial judge. In the almost six hundred pages of testimony a majority of the eligible inhabitants of Pittsburg reaffirmed the desire to dissolve the city charter. Nothing in this record indicates that the statute has not been followed precisely.

As Judge Helton pointed out and we agree, the best way to handle this situation was suggested in *Lawson v. Blanton*, 245 Ky. 301, at 304, 53 S.W.2d 556, at 557 (1932):

Some legislator can render a distinct public service by so amending this statute that upon the filing of a petition the court should order an election to take the sense of the voters upon whether or not the incorporated status of cities should be annulled.

The judgment of the circuit court is affirmed.

All concur.