Larry **STEVENS**, Leo **Williams**, Linda **Williams**, Owen **Jones**, Raymond **Jones**, and Kermit **Sparkman**, Appellants,

v.

Maxine **FLANNERY**, Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1985.

Truman L. Dehner, Morehead, for appellants.

Buddy R. Salyer, Morehead, for appellees.

Before CLAYTON, DUNN and McDONALD, JJ.

CLAYTON, Judge.

This is an appeal from an order of the Rowan Circuit Court dissolving the city of Farmers, Kentucky, by operation of KRS 81.094. In dissolving Farmers, the circuit court determined that it had no discretion under KRS 81.094(1) not to do so, given the intervening appellants' admission that the city had failed, for more than one year, to maintain a city government by election or appointment of officers and the levying and collection of taxes.

On appeal, appellant residents of the former city argue that the language of the current statute is permissive, granting the circuit court the discretion to decide whether to dissolve a city even where the statutory requirements of KRS 81.094(1) have been met. It is further argued that the trial court's reliance on *Boone County v. Town of Verona*, 190 Ky. 430, 227 S.W. 804 (1921), is misplaced as the statutes in effect prior to enactment of KRS 81.094, former statutes 82.010 and 82.020, contained the obligatory directive that "the circuit court shall declare the charter of the city to be forfeited" upon the happening of the above-described events. In contrast, the present statute reads only that:

(1) If any city fails for one (1) year to maintain a city government by the election or appointment of officers and the levying and collection of necessary taxes, it *may* be dissolved by judgment of the circuit court on petition filed by a bona fide resident of the city.

(2) A city *may* be dissolved by judgment of the circuit court on petition filed by a majority of the voters of the city. The petition shall contain the signature and address of each petitioner.

(3) Each petition for dissolution shall be filed in the circuit court of the county in which the greater part of the city is located and shall set out the name and class of the city, a metes and bounds description of its boundaries, the number of voters and residents therein, and other facts relevant to the petition.

KRS 81.094(1) (our emphasis).

Appellants point out that the italicized words are permissive in nature, and on

their face would not seem to require the court to take any action. As this appeal presents only a question of statutory interpretation, the recitation of the facts shall be brief.

On February 7, 1985, Maxine Flannery petitioned the Rowan Circuit Court for the dissolution of Farmers, Kentucky, alleging in part that for approximately fifty (50) years the city had failed to maintain a city government. Following proper publication of the statutorily required notice of action to dissolve, the appellants, who comprise a committee to reactivate the town, intervened. Along with their motion to intervene, a response was filed admitting in part that the city had failed to maintain a city government for more than one (1) year, but raising the supposed defenses that the majority of residents were in favor of, and in the process of, reactivating the city which was merely inactive, not dissolved. Appellee petitioner then moved pursuant to CR 12.03 for a judgment on the pleadings which was granted in favor of petitioner on May 16, 1985, based upon *Boone County v. Town of Verona, supra*. Timely appeal was then taken to this Court.

As no case authority exists which interprets the present statute, our analysis is confined to examining those few decisions which comment upon its predecessors, and the general principles of statutory construction distinguishing mandatory and directive statutes. The first and most thorough of the two judicial decisions which directly discuss the present question is the previously cited *Boone County v. Town of Verona, supra*. In *Boone County*, a majority of the city of Verona's voting residents petitioned the Boone Circuit Court to annul and dissolve its charter pursuant to Kentucky Statute § 3662a. Under the language of that earlier statute, the circuit court "may render judgment dissolving and annulling the charter" upon hearing and determining all defenses raised to a properly filed and noticed petition to dissolve a charter. As a majority of persons entitled to vote within the boundary of Verona had filed such a petition without adequate defense thereto, they were rendered a judg-

ment in their favor. On appeal from that judgment to this Court, Boone County contended that Kentucky Statute § 3662a was void as an unconstitutional delegation of legislative power to the judiciary. Rejecting this argument, the court held that the function of the courts in such instances is solely to find whether the specific facts existed upon which the legislature had determined that the statute should apply. If such conditions were found to exist, (in *Boone County*, the timely and proper filing and notice of the majority's petition) the court is bound to dissolve the city in the absence of a proper defense to dissolution, i.e., untimely or inadequate petition or notice. In the court's own words:

> The court does not adjudicate upon the necessity or political propriety of dissolving the corporation, and hence does not exert any legislative power or function. It merely finds the facts to exist which shows that the statute applies and has taken effect, and the act of dissolution is in fact the act of the Legislature.

*Id.* at 808. *See also Green v. Davis,* 253 Ky. 105, 68 S.W.2d 750, 752 (1933) (echoing the language of *Boone County, supra,* in rejecting the argument that the chancellor is invested with judicial discretion to grant or refuse annulment).

Such logic remains effective under the present version of the statute, permissive language notwithstanding. To hold otherwise would, in violation of Section 2 of the Kentucky Constitution, unconstitutionally invest the judiciary with the arbitrary power to deny the majority of voters their right to dissolve, KRS 81.094(2), or incorporate, KRS 81.050, a city.

In the absence of a sufficient defense based upon statutory requirements for creation or dissolution of a city, a court has no inherent authority to refuse to create or dissolve a municipal corporation once the statutory conditions are satisfied. The presence of the permissive term "may" in the current version of the statute, which we note was also present in the statute interpreted in *Boone County, supra,* is not

determinative. As our fellow courts have noted:

> There is no universal rule by which directory provisions in a statute may, under all circumstances, be distinguished from those which are mandatory. Consideration must be given to the legislative history, the language of the statute, its subject matter, the importance of its provisions, their relation to the general object intended to be accomplished by the act, and finally, whether or not there is a public or private right involved.

*State ex rel Laurisch v. Pohl,* 8 N.W.2d 227 (1943). *See also* 2A Sutherland, *Statutory Construction* § 57.03 p. 643 (4th ed. 1984). The present statute involves, as did its predecessors, an important public right which has repeatedly been interpreted to be mandatorily imposed. *See Green, supra; Boone County, supra.* Under such circumstances, use of the normally permissive "may" is mandatory.

The judgment of the Rowan Circuit Court is affirmed.

Further, pursuant to 2.(a) of the order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.