Garth KUHNHEIN, Appellant

v.

NORTHERN KENTUCKY AREA PLANNING COMMISSION and the Northern Kentucky Area Planning Council, Appellees.

NO. 2014-CA-000468-MR

Court of Appeals of Kentucky.

RENDERED: September 11, 2015; 10:00 A.M.

Discretionary Review Denied by Supreme Court August 17, 2016

·BRIEFS FOR APPELLANT: Jack S. Gatlin, Thomas B. Bruns, Ft. Mitchell, Kentucky, Brandon N. Voelker, Cold Spring, Kentucky

ORAL ARGUMENT FOR APPELLANT: Thomas B. Bruns, Ft. Mitchell, Kentucky

BRIEF AND ORAL ARGUMENT FOR APPELLEES: Jeffrey C. Mando, Covington, Kentucky

BEFORE: D. LAMBERT, MAZE AND THOMPSON, JUDGES.

## OPINION

THOMPSON, JUDGE:

Garth Kuhnhein, a resident of Kenton County, filed a class action complaint for a declaratory judgment declaring the assessment and collection of ad valorem taxes by the Northern Kentucky Area Planning Commission and the Northern Kentucky Area Planning Council (collectively NKAPC) is invalid because it no longer meets the requirements of an area planning commission as defined in Kentucky Revised Statutes (KRS) 147.610 and alleging the conversion of funds collected by the NKAPC. The Kenton Circuit Court granted summary judgment to the NKAPC ruling that the NKAPC is a viable legal political subdivision. After considering the parties' arguments and the applicable law, we affirm because the NKAPC has not been dissolved pursuant to statute.

In 1960, the General Assembly enacted legislation permitting the creation of an area planning commission "[i]n any two (2) or more adjacent counties, one (1) of which has a city having a population of more than 50,000 and not more than 200,000 inhabitants as declared by the last federal census[.]" KRS 147.610. Pursuant to statutory authority, a validly created area planning commission is a political subdivision "in perpetual existence, with power to . . . . levy an annual tax" for the purpose of defraying necessary and incidental expenses of the area planning commission. KRS 147.660(1).

The statutory scheme also provides the means for dissolving an area planning commission. KRS 147.620(3) sets forth a process initiated by petition and voted on by the fiscal court and KRS 147.620(4) permits for dissolution of an area planning commission by referendum. Subsection (4)(i) provides: "Each member county of an area planning commission must follow the procedures defined herein, before such dissolution may take effect."

The statute further states:

Any member county of an area planning commission may withdraw its membership after following the procedures defined herein. The commission shall continue to function after such withdrawals, with its boundaries consisting of the remaining county members. No county may withdraw from any commission unless it satisfies its part of all contractual obligations assumed by the

commission prior to the passage of its resolution.

KRS 147.620(4)(j).

Pursuant to the newly enacted legislation, the NKAPC was formed in 1961 by adjoining Kenton and Campbell Counties. The City of Covington located in Kenton County with a population of more than 50,000 and several other Kenton County cities joined in the creation of the NKAPC.

Through the referendum process provided for in KRS 147.620(4), Campbell County withdrew from the NKAPC in 1984. Since Campbell County's withdrawal, the NKAPC continues to operate as an area planning commission comprised of Kenton County and various cities within its territory and continues to assess and collect ad valorem taxes to fund its operations.

In 2011, a petition was circulated to dissolve the NKAPC and tendered to the Kenton Circuit Court Clerk. The clerk determined the petition did not meet the criteria set forth in KRS 147.620(4) for the question to be placed on the ballot. An action challenging the clerk's rejection of the petition was filed in the Kenton Circuit Court. The circuit court agreed with the clerk's decision to reject the petition. In an unpublished opinion, *Metzger v. Summe,* No. 2012–CA–001622–MR, 2013 WL 5045948 (Ky.App. Sept. 13, 2013), this Court affirmed.

During the pendency of the *Metzger* appeal, this action was filed. After cross-motions for summary judgment were filed, the Kenton Circuit Court issued a summary judgment ruling as a matter of law that the NKAPC currently exists as a valid entity and dismissed the complaint with prejudice. This appeal followed.

■ The parties do not dispute the underlying facts. Therefore, our review of the issues presented is de novo. *Interactive Gaming Council v. Commonwealth ex rel. Brown,* 425 S.W.3d 107, 111 (Ky.App. 2014). "Under de novo review, we owe no deference to the trial court's application of the law to the established facts." *Id.*

■ When conducting *de novo* review of a lower court's construction of a statute, we are required to apply certain rules. "[T]he most commonly stated rule in statutory interpretation is that the 'plain meaning' of the statute controls. Moreover, Kentucky courts have steadfastly adhered to the plain-meaning rule 'unless to do. so would constitute an absurd result.'" *Alliance for Kentucky's Future, Inc. v. Environmental and Public Protection Cabinet,* 310 S.W.3d 681, 687 (Ky.App.2008) (quoting *Executive Branch Ethics Commission v. Stephens,* 92 S.W.3d 69, 73 (Ky.2002)).

■ Although presented in various subparts, the argument advanced by Kuhnhein is readily summarized. He contends that although the NKAPC was validly formed in 1961, after Campbell County withdrew from the NKAPC and the City of Covington's population dropped below 50,000 according the 2008 federal census, the NKAPC ceased to exist as a legally valid area planning commission and, therefore, lacked the power to assess and collect ad valorem taxes.

Kuhnhein points out planning units may consist of a city or county, acting independently in accordance with KRS 100.117; cities and their county, jointly, in accordance with KRS 100.121; or groups of counties and their cities, regionally, in accordance with KRS 100.123. He contends that the current NKAPC consisting only of Kenton County and various cities within its boundaries is not an area planning commission and cannot coexist with the Chapter 100 Kenton County Planning Commission.

There is no dispute that Kenton County alone could not form a valid area planning

commission. However, the question is whether the existing NKAPC is a viable area planning commission with the power to assess and collect ad valorem taxes. The plain and unambiguous language contained in KRS 147.620 compels this Court to conclude that the NKAPC is a valid existing area planning commission.

The statute expressly states that "[e]ach member of an area planning commission must follow the procedures defined herein, before such dissolution may take effect." KRS 147.620(4)(i). To date, there has been no successful action taken either before the Kenton County Fiscal Court or by referendum to dissolve the NKAPC.

The General Assembly specifically provided that the unilateral withdrawal of a member of the area planning commission does not dissolve an existing commission when it stated "[t]he commission shall continue to function after such withdrawals, with its boundaries consisting of the remaining county members...." KRS 147.620(4)(j). While the statute refers to "members," when construing a statute "a word importing the plural number only may extend and be applied to one (1) person or thing as well as to several persons or things." KRS 446.020. Kenton County has never withdrawn from the NKAPC and is a remaining member.

■ Contrary to the express statutory language, Kuhnhein requests this Court declare the NKAPC was dissolved in 1984 when Campbell County withdrew. While there may be some rational logic to his argument, the statute directs otherwise. The Courts have no role in the dissolution of an area planning commission other than as provided for by KRS 147.620(3)(g), which permits a party aggrieved by a decision of the fiscal court in which a dissolution proceeding has been pursued to appeal to the circuit court.

■ If we were to accept Kuhnhein's argument, our holding would be repugnant to the constitutional doctrine embodied in Sections 27 and 28 of the Kentucky Constitution that one branch of government cannot interfere with the authority of another coequal branch of government. *See Legislative Research Com'n By and Through Prather v. Brown*, 664 S.W.2d 907 (Ky. 1984). The power to create "subdivisions of the state for the purposes of government, is held everywhere to be political in its character, and necessarily exercisable by the legislative department alone[.]" *Boone County v. Town of Verona*, 190 Ky. 430, 227 S.W. 804, 806 (1921). Like the dissolution of a municipal corporation, the dissolution of an area planning commission "is no less the exercise of a political power and must be exercised by the legislative department of the government, and is not a matter of judicial cognizance." *Id.* The statutory language contained in KRS 147.620 plainly and unambiguously states that an area planning commission may be dissolved only by complying with the procedures contained in that statute and a county member's withdrawal does not dissolve the commission.

■ The same reasoning applies to Kuhnein's suggestion that the NKAPC was dissolved when the City of Covington's population dipped below 50,000. The NKAPC can only be dissolved as provided by statute.

For the reasons stated, the summary judgment of the Kenton Circuit Court is affirmed.

MAZE, JUDGE, CONCURS.

D. LAMBERT, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

D. LAMBERT, JUDGE, DISSENTING:

I respectfully dissent. As KRS 147.620, the enabling statute at issue herein, does

not contemplate an area planning commission with only one county member, when Campbell County withdrew from the NKAPC in 1984, the entity ceased to legally exist.

KRS 147.610 states that "[i]n any **two (2) or more adjacent counties,** one (1) of which has a city having a population of more than 50,000 and not more than 200,-000 inhabitants as declared by the last federal census, the various cities and the counties may consolidate their planning operations by establishing an area planning commission...." (Emphasis added).

Finding the language of KRS 147.610 to be clear and unambiguous, I would reverse the Kenton Circuit Court's order.